A91A1099. MICHAEL v. ACREE et al.
A91A1740. MICHAEL v. KITCHINGS et al.
A91A1741. TOPA INSURANCE COMPANY v. MICHAEL et al.
(413 SE2d 523)

Judge Arnold Shulman.

While apparently driving in the wrong direction on Interstate Highway 75 in Clayton County, appellant Melanie Michael collided with two automobiles, one occupied by appellee Pamela Kitchings and the other by appellees Shirley and Chris Acree. As a result of these collisions, Mrs. Kitchings and her husband and the Acrees and their husbands filed separate personal injury actions against Ms. Michael.

Ms. Michael was insured at the time of the accident under a policy of motor vehicle liability insurance issued by Atlanta Casualty Company providing coverage in the amount of $15,000 per injured

person and $30,000 per occurrence. In addition, appellant Topa Insurance Company had issued an "Automobile Excess Liability Policy" to Ms. Michael's husband, John Clement, proving supplemental coverage in the amount of $85,000 per person and $270,000 per occurrence. Atlanta Casualty retained counsel to represent Ms. Michael in the two personal injury actions and tendered the limits of its coverage to be distributed among the plaintiffs.

While the two personal injury actions were pending, the plaintiffs' attorneys engaged in settlement negotiations with Bill Davies, an adjuster employed by Topa. On August 24, 1990, plaintiffs' counsel John D'Orazio informed Michael's counsel, Jeanne Johnson, that he had reached a settlement with Davies whereby the Acrees were to receive a total of $120,000 and the Kitchings a total of $100,000 in satisfaction of their claims. After telephoning Davies to verify this information, Ms. Johnson sent letters to the plaintiffs' attorneys confirming the terms of the settlement agreement and indicating her understanding that the plaintiffs would accept the agreed upon sums "in full and final settlement of any and all claims against Melanie Michael and her insurers." She also wrote to Davies acknowledging her acceptance of the terms of the agreement.

Topa thereafter refused to honor the settlement, prompting the plaintiffs to file motions in each of the present actions seeking to enforce it against Michael. Michael responded by asserting a third-party claim for indemnification against Topa in each of the actions; and in the Kitchings case, she and Topa filed cross motions for summary judgment on that claim. The trial court subsequently granted the plaintiffs' motions to enforce the settlement agreement and entered judgment against Michael accordingly in each of the two personal injury actions. Case Nos. A91A1099 and A91A1740 are appeals by Michael from those judgments. In the Kitchings case, the court also granted the motion for summary judgment which Michael had filed against Topa, and Case No. A91A1741 is Topa's appeal from that ruling.

1. Michael contends that under this court's decision in *Klag v. Home Ins. Co.*, 116 Ga. App. 678 (158 SE2d 444) (1967), her attorney's acceptance of the settlement agreement which the plaintiffs' attorneys had reached with Topa did not operate to bind her personally to Topa's obligations thereunder, but rather effected a novation pursuant to which her tort liability was to be discharged in return for Topa's payment of the agreed upon sums. We agree. It was held in *Klag* that a settlement agreement between an automobile liability insurance carrier and a party injured by the alleged negligent operation of the insured automobile did not constitute a contract by the insurer to answer for the debt, default, or miscarriage of another within the contemplation of the Statute of Frauds, see OCGA § 13-5-30 (2), but

was an "original undertaking" whereby "the insurer agrees to settle its [own] potential liability as well as the potential liability of the insured. . . ." Id. at 688. The court went on to state that if such a settlement were made with the concurrence of the insured, it would effect a legal novation whereby the promise of the insurer was substituted for the obligation of the insured, and that if made without the assent of the insured, it would effect an equitable novation " 'since a creditor who had agreed to the substitution would not be allowed by equity to enforce his claim against the original debtor. . . .' " Id. at 689.

During the proceedings in the Kitchings suit, Michael's attorney, Ms. Johnson, asserted without contravention in open court that plaintiffs' counsel were aware that she had been retained by Atlanta Casualty and that she had no authority to offer any amount in settlement of the case in excess of the $30,000 limits of that company's coverage. She further stated without contravention that Michael "had nothing to do with the . . . agreement [between the plaintiffs and Topa] except through her counsel, who was myself, confirming [it]. . . ." Quite clearly, none of the parties contemplated that Michael was contracting to pay the agreed upon sums from her own personal assets, either as a joint obligor with Topa or as a guarantor of its promise to pay. Accordingly, based on the principles set forth in Klag, supra, we hold that the trial court erred in entering judgment against her for Topa's portion of the settlement. Cf. Cox v. Travelers Ins. Co., 228 Ga. 498 (186 SE2d 748) (1972); Goolsby v. Allstate Ins. Co., 130 Ga. App. 881, 884 (204 SE2d 789) (1974).

2. It necessarily follows from the foregoing that the trial court further erred in awarding summary judgment to Michael on her third-party claim against Topa for indemnification. In so ruling, we do not address the issue of Topa's liability to the appellee-plaintiffs for breach of the settlement agreement, inasmuch as that issue is not currently before us.

*Judgments reversed. Carley, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1991.

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Jeanne F. Johnson,* for Michael.

*Finch, McCranie, Brown & Thrash, Charles E. McCranie, John S. D'Orazio,* for Acree and Kitchings.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Todd M. Yates,* for Topa.

*Fain, Major & Wiley, Donald M. Fain, Darryl G. Haynes,* for

Allstate.