A93A0420, A93A0441, A93A0449, A93A0531. TOPA INSURANCE
COMPANY v. ACREE et al. (four cases).
A93A0574. TOPA INSURANCE COMPANY v. KITCHINGS et al.
(433 SE2d 312)

BLACKBURN, Judge.

This is the second appearance of these cases before this court. In *Michael v. Acree*, 202 Ga. App. 120 (413 SE2d 523) (1991), we held that the trial court erred in entering judgment against Melanie Michael for the amount of Topa Insurance Company's (Topa) settlement with Shirley Trollinger Acree, Robert Clinton Acree, Pamela R. Kitchings, Chris M. Acree, and Robert Todd Acree (collectively referred to as the Acrees and Kitchings). In *Michael*, we specifically noted that Topa's liability to the Acrees and Kitchings for breach of the settlement agreement was not reached as it was not before us. Id. at 122. In the present case, Topa appeals the trial court's order granting the Acrees' and Kitchings' motions for summary judgment in which they sought enforcement of the settlement agreement directly against Topa. Topa also appeals the trial court's denial of its motion for summary judgment in which it asserted that no coverage existed under its insurance contract. Topa's liability to the Acrees and Kitchings for breach of the settlement agreement is now directly before us.

On September 20, 1989, while apparently driving the wrong direction on Interstate Highway 75, Michael collided with two automobiles injuring the Acrees and Kitchings. The Acrees and Kitchings each brought suit against Michael for damages incurred as a result of the collision. At the time of the collision, Michael was driving a 1978 Datsun 280Z automobile which was insured by Atlanta Casualty Company (Atlanta Casualty). Atlanta Casualty retained Jeanne Johnson to defend Michael. Thereafter, Johnson requested that Topa produce a copy of its excess insurance policy. Michael believed she was an insured under the excess coverage policy issued by Topa to John Joseph Clement.[1]

---

[1] Prior to the collision, Michael had lived with John Clement for several years. Clement

Bill Davies, insurance adjuster for Topa, produced a copy of the declarations page, along with a copy of the excess policy. First Financial was listed as the "Primary Insurer" on the declarations page of Topa's policy. Thereafter, Davies had several telephone conversations with Johnson regarding settlement of the Acrees' and Kitchings' claims. Davies indicated that Topa was interested in settlement if the primary carrier tendered its limits as required by Topa's excess policy. On June 21, 1990, Johnson confirmed in writing to Davies that "[y]ou [Davies] have advised that, because Atlanta Casualty Company, as the primary carrier, had tendered its limits to the Plaintiff your [Topa's] coverage therefore applies." In late August 1990, John D'Orazio, counsel for Kitchings, Chris Acree and Robert T. Acree, came to an agreement with Davies regarding settlement of his clients' claims against Michael. Within several days, Emory Bazemore, counsel for Shirley Acree and Robert C. Acree, also reached a settlement agreement with Davies, regarding his clients' claims against Michael. By letter, dated August 27, 1990, Johnson confirmed that both cases had been settled and requested settlement drafts from Davies.

After much delay, Topa refused to honor the settlement. Topa was then added to one of the actions as a third-party defendant. The Acrees' and Kitchings' motions to enforce the settlement agreement against Michael and Michael's motion for indemnity against Topa were granted by the trial court, whose order we reversed. See *Michael*, supra. Thereafter, the Acrees and Kitchings filed motions for summary judgment directly against Topa for breach of the settlement agreement, and Topa filed its own motion for summary judgment. Topa now appeals the trial court's grant of the Acrees' and Kitchings' motions and the denial of its motion.

In its three enumerations of error, Topa contests the three findings of fact in the trial court's order and asserts that the trial court erred in granting the Acrees' and Kitchings' motions for summary judgment and denying its motion for summary judgment. Pretermitting the correctness of the trial court's findings of fact, we find that the award of summary judgment enforcing the settlement agreement between Topa and the Acrees and Kitchings was proper.

"A settlement agreement is a contract and the question of its enforceability is for the court to decide." *Gray v. Higgins*, 205 Ga. App. 52, 53 (421 SE2d 341) (1992). " 'A compromise of a dispute is binding on the parties . . . The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract . . . Where parties to litigation have entered into a definite,

was the father of Michael's child. However, at the time of the collision Michael was not residing with Clement due to difficulties with their relationship. Subsequent to the collision, Michael returned to Clement's residence to live.

certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation.' [Cit.]" *Smith v. Haverty Furniture Co.*, 173 Ga. App. 447, 448 (326 SE2d 812) (1985).

In the present case, Topa does not deny the existence of the settlement agreement but, instead, argues that the agreement was based on a mutual mistake of fact. Topa asserts that during the negotiations Davies thought that First Financial was providing its policy limits as the "Primary Carrier" indicated on the declarations page of Topa's excess policy. However, this argument is without merit. The evidence is clear that in Johnson's June 21, 1990, letter she indicated that Atlanta Casualty was tendering its policy limits as the primary carrier. After receiving this letter, Davies continued to negotiate with the parties until an agreement was reached at the end of August. "Thus, [Topa] already knew what it seeks to use as an excuse to avoid the settlement agreement. Having possession of such knowledge, [Topa] cannot claim that the lack of such knowledge entitles it to rescind the settlement contract." *Potomac Leasing Co. v. First Nat. Bank*, 180 Ga. App. 255, 258 (348 SE2d 907) (1986).

Topa next argues that the settlement agreement is not enforceable because it was not in writing, as required by the statute of frauds. This argument was specifically addressed adversely to Topa in the first appearance of these cases before us. See *Michael*, supra at 121; see also *Klag v. Home Ins. Co.*, 116 Ga. App. 678 (158 SE2d 444) (1967). Topa, citing *Klag*, supra, further argues that an oral settlement agreement is enforceable only when there is *potential* liability under the terms of the written policy and, in the present case, there was never any potential liability. This argument misinterprets our holding in *Klag* and the law in Georgia. In *Klag*, we were presented with similar facts as those found herein. The plaintiffs alleged that a settlement agreement had been reached; however, the defendant insurance company repudiated the settlement on the basis that no liability existed. Id. at 681, 685. As herein, the insurance company argued that the settlement agreement was unenforceable as it was not in writing. Id. at 686. We determined that "[t]he insurer has a financial interest in the claim against the insured even though it only becomes liable to the third party when legal liability is established against the insured, and where the insurer agrees to settle its potential liability as well as the potential liability of the insured, the oral promise by the insurer to settle or pay the claim against the insured is an original undertaking and need not be in writing." Id. at 688. Upon the settlement by the insurance company, "[t]here is a new, original, and independent engagement, founded upon the merger and extinguishment of the pre-existing debt or demand and operating by way of novation and substitution." Id. at 689. Therefore, the basis for the

underlying debt, i.e., the insurance contract, is no longer relevant to the inquiry. By entering a settlement agreement with the Acrees and Kitchings, Topa settled all issues as to liability and foreclosed a dispute of liability.

For the reasons stated above and regardless of the trial court's basis, its order granting summary judgment to the Acrees and Kitchings and denying summary judgment to Topa is affirmed. See *Dominiak v. Camden Tel. &c. Co.*, 205 Ga. App. 620, 622 (422 SE2d 887) (1992).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Todd M. Yates,* for appellant.

*Finch, McCranie, Brown & Thrash, John S. D'Orazio, The Keenan Ashman Firm, Emory B. Bazemore, Bentley, Karesh & Seacrest, Gary L. Seacrest, Stephen D. Apolinsky,* for appellees.