A94A0462. BARNETT BANK OF ATLANTA v. THURMAN et al.
(446 SE2d 529)

Judge Harold R. Banke.

Robert Poteete brought an action for conversion against the appellant alleging that the appellant wrongfully set-off $20,800 from Poteete's bank account against an outstanding indebtedness of $30,714.44 which Poteete owed the appellant. The funds in question were derived from Poteete's sale of three tractors owned by Edward Thurman at an auction. Poteete also sold a tractor, but he received one check from the auction company for $28,462.50 representing the sale of all four tractors. Once the check was deposited in Poteete's account, the appellant set-off the entire amount of the check against Poteete's $30,714.44 indebtedness. Thurman then brought an action for conversion against Poteete which was followed by Poteete's third-party action against the appellant for conversion and the appellant's counterclaim against Poteete to recover his remaining indebtedness.

At trial, Poteete testified that a bank officer accompanied him as he deposited the check into his account; that he intended for $7,650 to be applied toward his indebtedness; and that the remaining $20,800 belonged to Thurman. However, the bank official testified that Poteete never indicated that any money belonged to Thurman nor did Poteete present any evidence to the bank of Thurman's interest in the check. The jury returned two verdicts, one in favor of Thurman against the appellant in the amount of $27,248.65 and $9,000 in attorney fees, and the other in favor of the appellant against Poteete for $24,590.42 plus attorney fees. The trial court subsequently set aside the award of attorney fees against the appellant, but the court denied the appellant's motion for j.n.o.v. on the merits of the case.

This appeal followed.

1. The appellant contends the trial court erred in denying its motion for directed verdict because the evidence demonstrated that it was entitled to set-off the funds in Poteete's account against his outstanding loan. "Denial of a motion for directed verdict must be affirmed if there is 'any evidence' to support the verdict. [Cit.]" *Torrance v. Brennan*, 209 Ga. App. 65, 67 (2) (432 SE2d 658) (1993).

"It is well settled in this state, as in a sizeable number of other jurisdictions, that unless funds deposited with a lending bank are in an account governed by an agreement which designates the funds as trust funds, or unless the lending bank by other means has actual knowledge that the funds deposited in a general account are intended to discharge a specific obligation or otherwise partake of the character of trust funds, then the funds are treated as any other general deposit funds, are commingled with other funds on deposit with the bank, and are subject to set-off against any matured indebtedness for which the bank is creditor to the principal. [Cits.]" *Cotton States Mut. Ins. Co. v. C & S Nat. Bank*, 168 Ga. App. 83, 87 (2) (308 SE2d 199) (1983).

In the instant case, the appellant denies ever being informed that Thurman had any interest in the check deposited by Poteete. However, Poteete testified that before he presented the check from the auction company for deposit, he informed the bank officer that he sold three of Thurman's tractors at the auction in addition to his tractor; that at the time of deposit, he also gave the bank officer a check for $7,650, representing his portion of the auction proceeds, to be applied toward his loan; that he asked the bank officer how long it would be before Thurman got his money; and that the bank officer indicated that Thurman could get his money within five to ten days after the auction company's check cleared the bank. "An appellate court neither weighs the evidence nor determines witness credibility; rather, it determines evidence sufficiency. [Cit.]" *Hap Farms v. Heard*, 209 Ga. App. 684, 687 (3) (434 SE2d 118) (1993). Since there is some evidence of the appellant's knowledge of Thurman's entitlement to a portion of the check, we will uphold the judgment. *Torrance v. Brennan*, supra.

2. The appellant enumerates as error being added as a party defendant. Since the evidence demonstrated that the appellant could have been liable for conversion or misapplication of entrusted funds, we find no error in its addition to the litigation. OCGA § 9-11-20.

3. The appellant contends the trial court erred in refusing to enforce a settlement agreement reached by the parties prior to trial. Such agreements must be "definite, certain, and unambiguous." *Topa Ins. Co. v. Acree*, 209 Ga. App. 234, 235-236 (433 SE2d 312) (1993). The settlement agreement provided that Thurman accept $35,000 as

total settlement, $28,000 from Poteete and $7,000 from the appellant. The appellant stood ready to tender payment, but when Thurman learned that Poteete was unable to pay his share, Thurman refused to partially settle the matter against the appellant. Because the agreement does not provide for partial settlement or otherwise detail the obligations of the parties if payment from both the appellant and Poteete is not forthcoming, we agree with the trial court that the agreement is indefinite, uncertain and ambiguous and find no error in the court's refusal to enforce.

4. Finally, the appellant contends the court erred in charging the jury on a bank's obligation upon receipt of funds for deposit for a specific purpose, as requested by Poteete, and in improperly modifying certain requests submitted by the appellant which were correct statements of the law. We have reviewed the charge in its entirety and find that it fully and correctly instructed the jury on the elements of conversion in the context of this case.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994.

*Macey, Wilensky, Cohen, Wittner & Kessler, Mark L. Golder, Rachel A. Snider*, for appellant.
*Richard B. Thurman*, for appellees.