### A00A0344. VILDIBILL v. PALMER JOHNSON OF SAVANNAH, INC.

(536 SE2d 779)

SMITH, Presiding Judge.

We are called upon in this appeal to determine whether the trial court correctly concluded that the parties had entered into an enforceable settlement agreement. We find that no enforceable agreement existed, and we reverse the trial court's judgment.

Dr. Harry D. Vildibill, a Florida resident, and his family visited the waters in and around Savannah during the summer of 1996 on his boat, the "Over Forty." The vessel sustained damage, and Vildibill contracted with Palmer Johnson of Savannah, Inc. to make the necessary repairs. When the boat was returned to Vildibill in November 1996, he noticed that it appeared to be leaking, but he did not realize the severity of the problem until an inspection of past repairs was performed at a boat works in St. Petersburg, Florida, in mid-1998. That inspection revealed improper repair done with poor workmanship that had damaged the boat extensively. Vildibill then retained an attorney, who wrote a demand letter to Palmer Johnson on August 21, 1998. Palmer Johnson responded by letter from its attorney on August 24, 1998, in which it proposed to have the boat inspected. After performing the inspection, on September 16, 1998, Palmer Johnson, through its attorney, sent Vildibill's attorney the inspector's report and offered to settle the claim for $5,950.96. On

---

October 2, 1998, Vildibill rejected this offer and made a counteroffer of $10,679.66. The counteroffer was rejected by letter dated October 7, 1998, in which counsel stated that Palmer Johnson would not pay more than its initial offer.

On October 13, 1998, Vildibill's attorney faxed a letter accepting the original offer and requesting that Palmer Johnson's attorney "forward whatever release you deem appropriate along with the settlement proceeds." Palmer Johnson's attorney responded by fax the next day, stating only that he was presently on vacation, would return on November 2, and would "handle this matter upon my return."

Between October 14, 1998 and November 2, 1998, Palmer Johnson forwarded its check in the amount of $5,950.96 to its attorney. Meanwhile, however, Vildibill had the boat inspected by another marine surveyor, who found considerable hitherto undetected damage. The settlement check was never sent to Vildibill's attorney, because on November 2, 1998, Vildibill's attorney telephoned Palmer Johnson's attorney and informed him that his client could not settle at that time and "needed more time to explore the situation further." According to Vildibill's attorney, during that telephone conversation, Palmer Johnson's attorney advised him "that the offer would remain open while Dr. Vildibill made a final decision."

The new inspection revealed that estimated repairs of damage caused by Palmer Johnson's previous work on the boat would exceed $35,000. When Vildibill learned this, he refused to settle for $5,950.96 and filed suit against Palmer Johnson. Palmer Johnson answered, claiming that Vildibill's suit should be dismissed because the parties had entered into an enforceable settlement, and moved to enforce the settlement agreement. Vildibill filed a response opposing the motion, and the trial court granted the motion.

1. Vildibill first contends the trial court erred in enforcing the settlement agreement because the parties never entered into an enforceable agreement, but only agreed to agree. According to Vildibill, the agreement was unenforceable because it was not "definite, certain, and unambiguous." (Citation and punctuation omitted.) *Barnett Bank v. Thurman*, 213 Ga. App. 820, 821 (3) (446 SE2d 529) (1994). In support of this contention, he points out that the parties had not yet agreed upon any terms for a release and, in fact, none of the particulars of the settlement were brought up except the amount.

In this state, a settlement agreement must meet the same requirements of formation and enforceability as other contracts. Only when a meeting of the minds exists will an agreement be formed. But the law also favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced. *Southern Med. Corp. v. Liberty Mut. Ins. Co.*, 216 Ga. App. 289, 291 (2) (454 SE2d 180) (1995). If a settlement agreement is

disputed, it must be in writing to be enforceable. Ideally, a writing satisfying this requirement consists of a formal written agreement signed by both parties. But letters prepared by the parties' attorneys may suffice if they memorialize the terms of the agreement. *Herring v. Dunning*, 213 Ga. App. 695, 697 (446 SE2d 199) (1994).

Here, Vildibill's attorney's detailed letter of October 13, 1998, accepting Palmer Johnson's offer to settle for $5,950.96 in return for "any release you deem appropriate," constituted an unconditional acceptance, regardless of the eventual terms of any release. And it was binding upon Vildibill, because it was communicated to the opposing party. *Superglass Windshield Repair v. Mitchell*, 233 Ga. App. 200, 202 (1) (504 SE2d 38) (1998). An enforceable contract was thereby formed.

2. This settlement agreement, however, was limited to the problems itemized in the inspector's report, which was a part of Palmer Johnson's offer. It did not purport to cover damage caused by other negligent repair that was unknown at the time the parties formed the agreement. Even had the parties executed a general release, unless it specifically, clearly, and expressly so stated, it would not have discharged liability for conduct that had caused damage that was already done but as yet unknown to the parties. *U. S. Anchor Mfg. v. Rule Indus.*, 264 Ga. 295, 298 (2) (443 SE2d 833) (1994). Even if the trial court correctly enforced the settlement agreement, therefore, it would not preclude Vildibill from seeking additional compensation for damage already done but unknown to either party at the time the settlement was entered into.

3. In this case, however, we agree with Vildibill that even if such an enforceable agreement was formed, it was mutually rescinded. We cannot agree with Palmer Johnson that Vildibill made a "unilateral attempt to rescind the settlement contract based on his alleged discovery of more extensive damage." On the contrary, the evidence presented by Palmer Johnson makes no mention of the attempted rescission; the only evidence addressing this issue was presented by Vildibill. And that evidence, an affidavit from Vildibill's attorney, shows that not only did Vildibill try to rescind, or at least postpone, any settlement, but that Palmer Johnson's attorney agreed to hold open the offer until Vildibill made a final decision. "The parties to a contract may rescind it by mutual agreement, and rescission of a written contract need not be in writing. One party to a contract may consent to rescission by the other party either impliedly or by conduct." (Citations and punctuation omitted.) *Nationwide Mut. Ins. Co. v. McCollum*, 179 Ga. App. 500, 502 (1) (347 SE2d 231) (1986). At the least, the evidence here raises a question of fact regarding whether Palmer agreed to rescind the agreement, at least temporarily. Judgment in favor of Palmer Johnson therefore was not appropriate and

must be reversed.

4. In view of our holding in Division 3, we need not consider Vildibill's remaining enumeration of error.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 30, 2000

*Duffy & Feemster, John R. Strother III, Matthew M. Bush*, for appellant.

*Oliver, Maner & Gray, Timothy D. Roberts*, for appellee.