69695. SMITH et al. v. HAVERTY FURNITURE COMPANY.
(326 SE2d 812)

BANKE, Chief Judge.

This appeal involves a suit on a contract for the purchase and delivery of $1,600 worth of furniture. Several items included in the sale were not available for delivery. This precipitated the Smiths' 55-paragraph complaint filed in June 1982, alleging breach of contract, fraud, and the intentional infliction of mental pain and suffering. The trial court, on motion for summary judgment, found that the parties had entered into a settlement agreement on the 24th of May 1984 and granted summary judgment to the defendant based on this agree-

ment.

By the terms of the settlement, the defendant agreed to pick up all the furniture previously delivered to the plaintiffs, to give them a check for the entire amount they had paid, and to pay them $150 to cover their attorney fees. The evidence before the trial court established without dispute that when the defendant's truck and crew arrived to pick up the furniture, Mrs. Smith refused to complete the transfer because the list of items to be picked up included two lamps which had never been delivered. Defendant's driver pointed out the discrepancy to Mrs. Smith and acknowledged to her his awareness that the lamps had never been delivered. Upon her insistence, Haverty's was called, and its agent told Mrs. Smith merely to note on the receipt that the lamps had not been delivered. It is clear that had she done so, the furniture would have been hauled away, the two checks delivered, and the matter ended. Instead, she refused to complete the transaction. *Held*:

"A compromise of a dispute is binding on the parties . . . The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract . . . Where parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation." *Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365) (1969). See also *DeKalb County v. Everhart*, 242 Ga. 104 (249 SE2d 571) (1978). Based on the undisputed evidence establishing the settlement agreement, the trial court correctly granted the defendant's motion for summary judgment on the breach of contract claim.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 6, 1985.

*D. Richard Jones III, Reagan W. Dean,* for appellants.
*Alexander H. Booth,* for appellee.