## 77286. WARREN v. JENKINS.
(378 SE2d 19)

BEASLEY, Judge.

Defendant Warren appeals the trial court's judgment in effect enforcing a verbal settlement and terminating the litigation.

In November 1985, Warren entered into a purchase order with Jenkins which provided that Jenkins would provide "damage and restoration" services for the contents of Warren's house which had been damaged in a fire.

Jenkins sued in March of 1986, alleging breach of contract, quantum meruit, and intentional infliction of emotional distress. Defendant Warren's answer, filed May 1, 1986, contained a counterclaim in which he contended that plaintiff had breached the agreement by not returning certain items which had been removed from the premises for cleaning. He also alleged intentional infliction of emotional distress.

Later in May, counsel for Jenkins met with defendant's wife and counsel for defendant to discuss settlement of the matter. Defendant testified that the "meeting was held with my permission." He also acknowledged that "I gave him [attorney] authority hopefully to bring the matter to a conclusion. But as to that figure [$8,344], I did not give him authorization."

Warren does not dispute that Allstate, his insurer, issued a check payable to him, his wife and plaintiff Jenkins for $8,344 and that the check was endorsed by him and his wife. Nor does he dispute that Jenkins returned the items which he had been holding. Defendant's contention appears to be that, after the settlement, he went through additional documents and determined that he had overpaid Jenkins and therefore did not want to settle.

On October 1, 1987, plaintiff filed his Motion To Enforce Settle-

ment Agreement including the affidavit of his counsel setting out the specific terms of the agreement, which included the payment to plaintiff of the $8,344, return by plaintiff to defendant of the retained property, and dismissal of the action with prejudice by the parties. Counsel further stated that after defendant's counsel had withdrawn in July, he had talked with defendant and they had again agreed on these settlement terms. While defendant recalled the phone call, he did not recall the agreement. Nothing was filed in opposition to the motion, defendant apparently relying on his deposition.

Thereafter, plaintiff amended his complaint to add a demand for attorney fees.

The trial court granted the motion to enforce settlement and entered judgment for Jenkins in accordance with it.

1. Defendant's second enumeration contends that his former attorney was not authorized to agree to a settlement. This assertion, however, is refuted by defendant's own sworn statement in his deposition that he gave his attorney "authority hopefully to bring the matter to a conclusion." Thus, the trial court's reliance on the affidavit of plaintiff's attorney and defendant's own evidence supported his conclusion that the attorney was authorized. USCR 4.12; *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983).

The affidavit of plaintiff's attorney provides another basis for the court's ruling. The attorney unequivocally states that, with permission of defendant's counsel, he personally negotiated with defendant and the two of them reached the same agreement previously made with the attorney. Defendant agrees that the conversation took place and does not dispute that an agreement was reached, but merely says that he does not remember reaching the agreement.

" 'A compromise of a dispute is binding on the parties . . . The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract . . . Where parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation.' *Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365) (1969). [Cit.]" *Smith v. Haverty Furniture Co.*, 173 Ga. App. 447, 448 (326 SE2d 812) (1985).

2. Defendant further asserts that his counterclaim was not included in the settlement and so it was error to terminate the entire litigation (with the exception of the issue of plaintiff's demand for attorney fees). This objection was never voiced in the court below and will not be considered here for the first time. *Hinkley v. Bldg. Material Merchants Assn.*, 187 Ga. App. 345, 346 (370 SE2d 201) (1988); *Taylor v. Colwell Mtg. Corp.*, 187 Ga. App. 397, 398 (370 SE2d 520) (1988). The record does reflect that the settlement discussions all oc-

curred after the filing of the answer and counterclaim and there is nothing to indicate they were not all-inclusive.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1989.

*Robert E. Robinson & Associates, Robert E. Robinson*, for appellant.

*H. Gregory Fowler*, for appellee.