## A93A2322. COMMERCIAL UNION INSURANCE COMPANY v. MARCO TRANSPORTATION COMPANY.
### (440 SE2d 730)

POPE, Chief Judge.

Commercial Union Insurance Company ("plaintiff") brought an action on a contract against Marco Transportation Company ("defendant"). Defendant answered that an earlier action on this contract was brought and settled for $30,000, and that defendant stood ready to abide by that settlement. Defendant then moved the trial court to enforce the settlement and enter judgment for plaintiff in the amount of $30,000, as agreed. Defendant's motion was granted, plaintiff's counter-motion for summary judgment was denied, and plaintiff appeals from both decisions.

At the evidentiary hearing on the motion to enforce the settlement agreement, Rick Brown, defendant's counsel in the earlier proceeding, testified that on the morning the earlier action was to go to trial, he and R. Craig Henderson, plaintiff's counsel in that action, engaged in settlement negotiations; that on that morning Henderson called plaintiff several times from the judge's office; that Henderson came back from one of those calls and said plaintiff had agreed to settle for $30,000 to be paid in installments; that Brown accepted this offer on behalf of defendant; and that they announced the settlement to the court. Brown testified that Henderson was to prepare a consent judgment, and defendant was to provide plaintiff with financial information so that if defendant defaulted on any of its installment payments, plaintiff would have what it needed to enforce its judgment. The agreement to settle was further supported by an affidavit from the judge in the earlier case, and Brown's description of the settlement and its terms were confirmed by the affidavit of Henderson, plaintiff's attorney. In opposition, plaintiff presented the affidavit of Gloria Leachman, an employee of plaintiff, who was not present at the time of the purported settlement and who simply states that there was no settlement and could not have been because it was not authorized.

1. Plaintiff contends that the trial court erred in enforcing the purported oral settlement agreement because plaintiff disputes the very existence of the agreement as well as its counsel's authority to enter into it. See *LeCroy v. Massey*, 185 Ga. App. 828 (366 SE2d 215) (1988). In *LeCroy* we held that although an oral settlement agreement will be enforced despite the attorney's lack of actual authority to settle if the existence of the agreement is established beyond dispute, a writing is required for enforcement if the existence of the agreement (rather than merely the attorney's authority to enter into it) is contested. Id. at 829; see also *Reichard v. Reichard*, 262 Ga. 561 (2) (423 SE2d 241) (1992). Plaintiff's reliance on *LeCroy* is misplaced, how-

ever, because in this case, unlike *LeCroy*, there is no dispute among those present at the time the purported settlement was reached regarding whether a settlement was reached or what the terms of that settlement were.[1] In light of this evidence, the statement of an employee who was not present that there was no settlement and could not have been because it was not authorized is not sufficient to dispute the existence of the agreement. Nor did the parties' failure to follow through with the agreement negate the existence of the agreement or render it unenforceable. Accordingly, the trial court did not err in enforcing the settlement agreement and entering judgment for plaintiff in the amount of $30,000. See *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544) (1983).

2. In light of our conclusion that the trial court did not err in granting defendant's motion to enforce the settlement agreement, we need not address plaintiff's contention that its motion for summary judgment should have been granted.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Lamb & Associates, William L. Henderson*, for appellant.
*Minor, Bell & Neal, Michael J. Tuck, Rickie L. Brown*, for appellee.

---

[1] Plaintiff's counsel and defendant's counsel and his associate all testified that a settlement for $30,000 was reached. Plaintiff's counsel's associate did not recall whether or not a settlement was reached.