A97A2392. WRIGHT v. STUART.
(494 SE2d 212)

JOHNSON, Judge.

Edmund Wright is the owner of a lot in the Lincoln Place Subdi-

vision. He built a garage on his property within 40 feet of the front lot line and less than 15 feet from the western lot line in violation of the Declaration of Protective Covenants for Lincoln Place. Jack Stuart, the owner of another lot in the subdivision, brought suit to enjoin the continuing violation of the covenants created by the placement of the garage. The parties reached a settlement, requiring Wright to move the garage "to a point that will comply in all respects with the said protective covenants applicable to said property within a period of 60 days from May 28, 1996." The agreement became an order of the court.

When the garage had not been moved by January 1997, Stuart filed a motion to have Wright found in contempt. After a hearing at which both parties appeared with counsel, the court found Wright in contempt of its previous order and ordered him confined in the Ben Hill County Jail until such time as he purged himself of the contempt by payment of $500 in attorney fees to Stuart. The court further ordered that "upon payment [Wright] shall not be required to be confined in the Ben Hill County jail for a period of sixty days during which time [Wright] shall do what is necessary to comply with the June 11, 1996[ ] order of this Court as well as of this order by moving his garage to a location that will not violate said protective covenants." Wright now appeals from the trial court's order finding him in contempt.

1. Wright contends he was not in wilful contempt because the court's first order was vague and uncertain. "Parties to stipulations and agreements entered into in the course of judicial proceedings are estopped from taking positions inconsistent therewith, and no litigant will be heard to complain unless it be made plainly to appear that the consent of the complaining party was obtained by fraud or mistake." (Citations and punctuation omitted.) *Macuch v. Pettey*, 170 Ga. App. 467, 468 (1) (317 SE2d 262) (1984). Wright has not alleged that his consent to the agreement, which was made the order of the court, was obtained by fraud or mistake.

Furthermore, there is nothing vague or uncertain about the trial court's order which directs Wright to move his garage to a point that is in compliance with the protective covenants. Section 3 of the Declaration of Protective Covenants explains the setback requirements in detail.

2. Wright also asserts that the imposition of attorney fees for the alleged contempt constitutes improper punishment in violation of OCGA § 9-15-14. We disagree. Wright was not being penalized over and above the actual expenditures required to remedy his own failure to comply with the terms of the consent order. See *R.R.R. Ltd. Partnership v. Recreational Svcs.*, 267 Ga. 757, 759 (3) (481 SE2d 225) (1997).

3. Even in the absence of a motion for imposition of penalties, this Court further finds this appeal to be without any arguable merit and, therefore, assesses against Wright a penalty of $500 for prosecuting a frivolous appeal, to be imposed by the trial court on remittitur. See Court of Appeals Rule 15 (b); *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759, 760 (429 SE2d 146) (1993).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 28, 1997.

*Larry B. Mims*, for appellant.
*Mills & Chasteen, Ben B. Mills, Jr.*, for appellee.