### A00A0844. LIGON v. BARTIS.
(530 SE2d 773)

ELDRIDGE, Judge.

This is an appeal from the trial court's order granting appellee-defendant Larry Bartis' motion to enforce a settlement agreement. Upon review of the record, we affirm the trial court's order.

On a motion to enforce a settlement agreement, we construe the evidence to uphold the trial court's judgment. *Morrow v. Vineville United Methodist Church,* 227 Ga. App. 313, 317 (489 SE2d 310) (1997). We will not disturb a trial court's findings thereon unless "clearly erroneous." Id. The record in this case shows that, while driving his car, appellant-plaintiff Louis L. Ligon III, was hit from behind by a car driven by Bartis. Ligon hired attorney James Farris to represent him in a personal injury action against Bartis. Bartis hired attorney Lee Welborn to defend against the action. The case pro-

---

ceeded to discovery.[1]

Following discovery, attorneys Farris and Welborn entered into settlement negotiations. The next day, on December 22, 1998, Farris informed Ligon of the strengths and weaknesses of his case and that defendant was offering $23,750 in settlement and satisfaction of Ligon's personal injury claim. Ligon asserts that, when Farris told him of the settlement offer and terms, Ligon stated, "I don't know what else is there to do?" The following day, December 23, 1998, Farris notified Welborn that Ligon had accepted the settlement offer of $23,750. The settlement was confirmed in writing in a January 14, 1999 letter written by Welborn to Farris.

Approximately a month after Farris settled the case, Ligon telephoned Farris and told him "that he should not proceed any further with any settlement negotiations or proceedings." Apparently, Ligon had consulted with other attorneys and decided that Farris had misled him as to whether settlement was in his best interest. Ligon fired Farris; he refused to sign the settlement papers. Defendant Bartis, through his attorney, filed a motion to enforce the settlement. A hearing was held on the motion, and on May 19, 1999, the trial court ordered Ligon to sign the settlement agreement and to file a dismissal of his personal injury claim. Thereafter, Ligon filed an "Affidavit of Truth in Matter of Settlement Offer" wherein he refused to follow the trial court's order. Bartis, through attorney Welborn, filed a petition to hold Ligon in contempt. A hearing was held on the petition, after which the trial court vacated its earlier order, enforced the settlement agreement again, and entered judgment in favor of Ligon in the amount of $23,750, per the terms of the agreement. From this order, Ligon appeals. *Held*:

> Under Georgia law [a private] attorney of record has apparent authority to enter into an agreement on behalf of his client and the agreement is enforceable against the client by other settling parties. The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties.

(Citations and punctuation omitted.) *City of Atlanta v. Black*, 265 Ga. 425, 427 (457 SE2d 551) (1995).

Here, there is no dispute as to the existence of the settlement agreement and its terms. The agreement and its terms were memorialized in writing, and "letters or documents prepared by attorneys

---

[1] Apparently, Welborn obtained a video surveillance demonstrating that Ligon could perform tasks that he represented he could not do. In addition, an independent medical examination revealed evidence contradicting the diagnosis by Ligon's physician.

which memorialize the terms of the agreement will suffice." *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674, 676 (308 SE2d 544) (1983). Moreover, Ligon admits that his attorney entered into the settlement agreement for $23,750. Here, the sole dispute is Ligon's contention that Farris did not have his authorization to enter into such agreement.

"[W]here there is no challenge to the existence or the terms of an agreement but only to an attorney's authority to enter into it, the client is bound by its terms." *Brumbelow v. Northern Propane Gas Co.*, supra at 676. Ligon does not assert that his attorney's alleged lack of authority was ever communicated to the opposite party. Nor does the record show such communication was ever made. In this case, Ligon's remedy, "where there have been restrictions not communicated to the opposing party, is against the [private] attorney who overstepped the bounds of his agency, not against the third party." Id. at 675. See also *City of Atlanta v. Black*, supra at 432 (Carley, J., dissenting). Accordingly, in light of the fact that the existence and terms of the agreement were established in writing and are not in dispute, the trial court did not err in enforcing the settlement agreement and entering judgment for plaintiff in the amount of $23,750. *Commercial Union Ins. Co. v. Marco Transp. Co.*, 211 Ga. App. 844 (1) (440 SE2d 730) (1994); compare *LeCroy v. Massey*, 185 Ga. App. 828 (366 SE2d 215) (1988).[2]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2000 —
RECONSIDERATION DENIED MARCH 31, 2000 — 

Louis L. Ligon III, *pro se.*
*Downey & Cleveland, George L. Welborn*, for appellee.

---

[2] In his brief, Ligon also frames his claim of error as a deprivation of his constitutional right to due process, because Ligon was compelled to participate in the settlement agreement. "[Ligon] raised no due process issue at the trial court, and the trial court did not pass on such issue, so that it was not preserved for review on appeal." *Peoples v. Consolidated Freightways*, 226 Ga. App. 265, 268 (1) (486 SE2d 604) (1997).