A04A0335. McCLAIN v. GEORGE.
(600 SE2d 837)

SMITH, Chief Judge.

After David George sued his business partner, Jim O. McClain, Jr., and two corporate defendants, the trial court granted injunctive relief and appointed a receiver. While the lawsuit was pending, the parties executed a "Mutual Release and Settlement Agreement."[1] Later, to enforce certain specified terms of that settlement, the trial court ordered McClain to pay $300,000 and to transfer certain property. In this appeal, McClain contends that the trial court erred in granting the injunctive relief and appointing the receiver and in enforcing the settlement agreement. Because these assertions are completely devoid of merit, we affirm and impose frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b).

In January 2002, George filed a complaint for corporate dissolution against McClain, Lawrenceville Medical Clinic, Inc. and JDI Investments, Inc. George and McClain were the sole shareholders of both corporations. When George filed suit, Lawrenceville Medical Clinic was an ongoing business with tangible assets and future accounts receivable and JDI Investments held title to three parcels of real property in Gwinnett County. Citing a deadlock in the management of the corporations, George asked the court to dissolve both corporations and to distribute the assets and profits pursuant to OCGA § 14-2-1430 (2) (A). In addition to seeking the dissolution of both corporations, George sought injunctive relief, the appointment

---

[1] Marie Elizabeth Wilkins, then the wife of David George, filed a motion to intervene. After the trial court granted her motion, Wilkins became a party to the litigation. She also executed the settlement.

of a special receiver, and punitive damages. George requested an accounting and alleged that McClain had converted corporate profits and committed fraud.

In March 2002, the trial court granted injunctive relief and appointed a receiver. A few months later, all parties executed a settlement agreement. In executing the 15-page document entitled "Mutual Release and Settlement Agreement," McClain did so individually, and as the president of four corporations: Lawrenceville Medical Clinic, Inc., JDI Investments, Inc., Progressive Financial Services, Inc. and J-Mac Investments, Inc.

The release and settlement was made effective June 11, 2002, and required the transfer of certain corporate ownership interests and the transfer of interests in certain realty. The settlement required that the closing for the property transfers and payments occur on or before June 21, 2002. Paragraph 2 obligated McClain to make a $300,000 settlement payment at the closing. Paragraph 6 required McClain to execute a quitclaim deed in favor of George to convey his interest in the real estate identified as the Oak Street property. Paragraph 9 obligated McClain to transfer the ownership of a certain pontoon boat to George and to execute the necessary documents to convey title to that boat to George at closing.

Under the terms of the settlement, the parties covenanted and agreed to dismiss with prejudice "their claims and causes of action" in the pending civil action filed by George, including McClain's counterclaims. McClain expressly acknowledged and warranted that "he has had the opportunity to consult with an attorney with respect to the terms of this Agreement, including the General Release contained herein." McClain's general release provided in part that:

> McClain, on his behalf and on behalf of his spouse, dependents, heirs, . . . accepts the terms of this Agreement in full, final and complete settlement and satisfaction of any and all claims, including without limitation claims which in any way relate to, pertain to or arise out of his business relationship with George, Wilkins or PAMed.

In addition, McClain acknowledged, "It is further understood and agreed that this document is intended to be a total accord, settlement and satisfaction of any [and] all claims which McClain has or may have against George, Wilkins or PAMed. . . ."

On August 27, 2002, George and intervenor Wilkins (collectively George) filed a motion to enforce three terms in the settlement agreement. George sought judicial relief with respect to (a) the deed to the property located on Oak Street in Lawrenceville, Georgia; (b) the payment of the $300,000; and (c) the transfer of the interest in the

pontoon boat. George requested an emergency injunction granting the sale of the real property "because the properties are in foreclosure status at the banks and are scheduled for foreclosure sale on or about September 3, 2002." George sought a temporary injunction to prevent the transfer of assets or, in the alternative, an order freezing such assets.

The trial court specially set oral argument on the motion to enforce settlement for August 29, 2002. After hearing evidence at the emergency hearing, the trial court entered an order to enforce the settlement agreement. In that order, the court noted that after the receiver was appointed, "[t]he parties then announced to the Court that a settlement had been reached and that the receiver could be relieved from the operation of LMC." Noting that the settlement document had been signed by all parties, the trial court found that "McClain failed to fulfill the promises made in the agreement." The trial court entered an order enforcing the settlement agreement and a separate order directing "judgment in favor of [George and Wilkins] against JIM O. McCLAIN, JR. in the amount of $300,000.00."

McClain filed two separate appeals in the Georgia Supreme Court, one before executing the settlement agreement and one after doing so. In the first appeal, filed on March 22, 2002, McClain, Lawrenceville Medical Clinic, and JDI Investments filed a notice of appeal from the judgment entered on March 20, 2002. That order granted injunctive relief and appointed a receiver. On September 6, 2002, McClain filed a second appeal from the judgment entered on August 29, 2002, that directed McClain to pay $300,000 to George and Wilkins.

The Supreme Court dismissed the first appeal as moot because (1) the order of August 29, 2002, enforcing the settlement agreement constituted a final judgment that superseded the earlier interlocutory injunction; and (2) the trial court had already dismissed the receiver who had been appointed earlier. As to the second appeal that arose from the August judgment, the Supreme Court transferred that appeal, finding it raised only a legal issue and so did not fall within the Court's jurisdiction. This appeal results from that transfer.

1. McClain contends that the trial court erred in granting the petition for injunctive relief and by appointing the receiver. He argues that the essential elements required for the grant of injunctive relief were not proven. As the Supreme Court expressly held, in light of the fact that the receiver has been dismissed and the injunction is no longer in effect, these issues are plainly moot. See *Richmond County Business Assn. v. Richmond County*, 222 Ga. 772, 773 (152 SE2d 738) (1966).

2. McClain contends that the trial court erred by granting the motion to enforce settlement and by entering judgment against him

because the order and judgment were executed after an emergency hearing for which he was provided less than two days' notice. Asserting that the circumstances did not warrant an emergency hearing, McClain claims that the issuance of the judgment after that hearing deprived him "of his right to due process by not affording him an opportunity to be heard at a meaningful place and in a meaningful manner." He contends that he was denied "sufficient amount of time to prepare a defense."

It is undisputed that McClain executed the mutual release and settlement agreement, a fact he concedes in his brief.

The authority applicable to such settlement agreements is truly "black letter" law. It is well settled that our law favors compromises, and an agreement to settle a pending lawsuit should be enforced according to its terms. *Smith v. Haverty Furniture Co.*, 173 Ga. App. 447, 448 (326 SE2d 812) (1985). "A compromise of a dispute is binding on the parties." (Citations and punctuation omitted.) Id. Where, as here, the parties have entered into a definite, certain, and unambiguous mutual release and settlement of their claims, a trial court should make that settlement the judgment of the court, thereby terminating the litigation. *Stacey v. Jones*, 230 Ga. App. 213, 215 (2) (495 SE2d 665) (1998). A settlement generally constitutes a final disposition of any claim against a party to that agreement unless remaining claims are specifically reserved. *Ingram v. Star Touch Communications*, 215 Ga. App. 329, 330 (1) (450 SE2d 334) (1994). Here, none were so reserved. See *Carey v. Houston Oral Surgeons*, 265 Ga. App. 812, 817 (595 SE2d 633) (2004).

It is axiomatic that one seeking reversal must show not only error but also harm. *Bell v. Norfolk Southern R. Co.*, 222 Ga. App. 788, 789 (2) (476 SE2d 3) (1996). "Failure to show harm vitiates any possible error." *Martin v. State*, 175 Ga. App. 704 (1) (334 SE2d 32) (1985). Here, McClain proved neither error nor harm. Nowhere in his appellate brief does McClain specify any defense, let alone a "proper defense," that he was not allowed to present at the emergency hearing. Nor did McClain provide a transcript of the hearing; he therefore failed to establish harm by the record.[2] See *Sasser v. Adkinson*, 258 Ga. App. 699-700 (574 SE2d 907) (2002). Although McClain claims that he was denied adequate time to prepare for the hearing, he failed to explain how additional time would have benefitted him. See *Ligon v. Bartis*, 243 Ga. App. 328, 330, n. 2 (530 SE2d 773) (2000). Accordingly, the trial court did not err in enforcing the

---

[2] Even assuming that McClain failed to arrange to have the hearing transcribed, he could have availed himself of OCGA § 5-6-41 (g) and reconstructed the transcript. See *Goodwin v. State*, 251 Ga. App. 549, 550 (1) (554 SE2d 317) (2001).

agreement. *Commercial Union Ins. Co. v. Marco Transp. Co.*, 211 Ga. App. 844, 845 (1) (440 SE2d 730) (1994). No error has been shown.

As a final matter, we consider the appropriateness of sanctions. George contends that McClain's "conduct borders on sanctionable because it is deceitful and ignores the uncontested controlling facts of this case." While we agree with this assessment of the nature of McClain's conduct, we conclude that saying it "borders on sanctionable" does not go far enough. The conduct practically demands the imposition of sanctions.

Other than asserting a nebulous due process claim, McClain has offered no substantive argument or cognizable legal basis that could authorize reversal. Most of his brief argues the merits of George's claims and the need for injunctive relief, issues no longer viable after the settlement was entered. As to the due process claim, McClain has failed to show that he raised the due process issue before the trial court, obtained a ruling on it, and so preserved it for appeal. See *Peoples v. Consolidated Freightways*, 226 Ga. App. 265, 268 (1) (486 SE2d 604) (1997); see also *Ligon*, supra at 330, n. 2.

McClain entered into a binding settlement but now refuses to honor its express terms and attempts to relitigate the purported merits of a civil action he agreed to dismiss with prejudice. This conduct clearly contravenes the public policy favoring settlements. See *Bradley v. British Fitting Group*, 221 Ga. App. 621, 624 (3) (472 SE2d 146) (1996). McClain had no reason to believe that he could prevail on any theory asserted. See *Lane v. Ken Thomas of Georgia*, 233 Ga. App. 15, 20 (7) (503 SE2d 94) (1998). Therefore, in light of the spurious nature of this appeal, particularly the failure to offer any defense that McClain was precluded from presenting at the emergency hearing and the failure to provide a transcript for review, we impose a frivolous appeal penalty pursuant to Court of Appeals Rule 15 (b). The amount of the penalty is $1,000, divided equally between McClain and his counsel. See *Cagle v. Davis*, 236 Ga. App. 657, 663 (4) (b) (513 SE2d 16) (1999).

*Judgment affirmed with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED JUNE 15, 2004.

*Swift, Currie, McGhee & Hiers, Matthew M. Liss, Christopher D. Balch*, for appellant.

*Rich & Smith, Randolph G. Rich, Jones & Bell, Lloyd N. Bell, Lawrence L. Washburn III*, for appellee.