A05A1208. WEST et al. v. SOUTHERN STATES COOPERATIVE, INC.

(622 SE2d 12)

MILLER, Judge.

Southern States Cooperative, Inc. (Southern States) obtained separate default judgments against Linda and Bobby West for their failure to make payments on certain promissory notes. After the judgments were entered, the Wests entered into settlement negotiations with Southern States to satisfy the judgments. The Wests contended that these negotiations resulted in an oral agreement to settle the judgments against both of them. Southern States disagreed, and the Wests filed a motion to enforce the alleged oral settlement agreement. The trial court denied the Wests' motion, prompting this appeal.[1] We discern no error and affirm.

"On a motion to enforce a settlement agreement, we construe the evidence to uphold the trial court's judgment. We will not disturb a trial court's findings thereon unless clearly erroneous." (Citations and punctuation omitted.) *Ligon v. Bartis*, 243 Ga. App. 328 (530 SE2d 773) (2000).

So viewed, the record reveals that on May 19, 2003, Southern States obtained a default judgment against Linda West for $169,129.85 plus 12 percent interest per year, and on June 25, 2003, obtained a default judgment against Bobby West for $256,619.46 plus 12 percent interest per year. Southern States engaged in settlement negotiations with the Wests to satisfy the judgments, and Linda West orally agreed to sell certain parcels of land in order to settle Southern States' case against her.

Although the Wests claimed that any settlement reached with Linda West should have also acted to postpone collection from Bobby West, the record reveals that Southern States never agreed to any

---

[1] Southern States concedes that it has reached a final settlement agreement with Linda West, and that Linda West has satisfied the terms of this agreement. Thus, the only question remaining on appeal is whether the trial court erred in failing to enforce the alleged oral settlement agreement with respect to Bobby West.

specific terms to postpone collection of, or settle, the separate judgment against Bobby West. Based on the record before us, the only agreement that Southern States made with respect to Bobby West was to refrain from pursuing claims regarding alleged fraudulent conveyances made by Bobby West. This agreement bore no relation to any release from liability for Bobby West or any collection efforts against him.

> An oral settlement agreement must be definite, certain and unambiguous. For such an agreement to be binding on the parties, it should be clear that it is full and complete, covers all issues, and is understood by all litigants concerned. It is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense. In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference.

(Citation and punctuation omitted.) *Griffin v. Wallace*, 260 Ga. App. 857, 859-860 (581 SE2d 375) (2003).

Based on the record before us, we agree with the trial court's ruling that "there was no enforceable settlement agreement reached between the parties regarding Bobby West's release from liability," and no meeting of the minds between the parties as to "whether or not Bobby West would be released from liability upon payments and transfers made by the [Wests]." The trial court did not err in denying the Wests' motion to enforce the oral settlement agreement with respect to Bobby West.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 26, 2005 —
RECONSIDERATION DENIED OCTOBER 12, 2005.

*John C. Cotton*, for appellants.
*Moore, Clarke, DuVall & Rodgers, David B. Folsom*, for appellee.