A08A1230. RUSKIN et al. v. AAF-MCQUAY, INC. et al.
(670 SE2d 517)

SMITH, Presiding Judge.

This is the second appearance of this case before us and the second time we have been asked to enforce the same settlement agreement. The first appeal, *Ruskin v. AAF-McQuay, Inc.*, 284 Ga. App. 49 (643 SE2d 333) (2007), outlines the underlying dispute. Briefly, T. W. Ruskin and McQuay of Georgia, LLP, a partnership in which Ruskin held a share (collectively "Ruskin"), entered a business relationship with AAF-McQuay, Inc. ("McQuay"). The parties had an acrimonious split. After litigation ensued, they reached a settlement agreement, but were unable to finalize some of the terms. McQuay filed a motion to enforce the settlement agreement, and the trial court referred the disputed terms to a special master for resolution. Id. at 50-51. The special master resolved the issues and "concluded that the trial court should adopt his decisions on all disputed issues as the final judgment enforcing the settlement agreement. The trial court agreed, as the final order reflected." Id. at 51. That order stated: "Accordingly this order is the FINAL JUDGMENT ENFORCING THE SETTLEMENT AGREEMENT between the parties." Ruskin appealed.

In that first appeal, we concluded that the settlement agreement was enforceable, *Ruskin*, 284 Ga. App. at 52 (1), and that the trial court did not err "when it adopted the special master's findings as a part of its final order." Id. at 52-53 (2). We affirmed the trial court's judgment, and also affirmed the imposition of a supersedeas bond.

Ruskin now appeals from the trial court's order finding him in contempt of the order adopting the settlement agreement. He raises

essentially the same argument rejected in the earlier appeal: that the special master's findings were not incorporated into the trial court's order. He also contends that the trial court's order and judgment did not expressly *order* him to comply with the settlement agreement, and that a citation for contempt is therefore in error. Ruskin essentially argues that because the settlement agreement is a contract and not an order of the court, he cannot be held in contempt but only sued (again) for breach of contract. He made the same argument at the hearing on the motion for contempt.

These arguments are without merit.

> The authority applicable to such settlement agreements is truly "black letter" law. It is well settled that our law favors compromises, and an agreement to settle a pending lawsuit should be enforced according to its terms. A compromise of a dispute is binding on the parties. Where, as here, the parties have entered into a definite, certain, and unambiguous mutual release and settlement of their claims, a trial court should make that settlement the judgment of the court, thereby terminating the litigation.

(Citations and punctuation omitted.) *McClain v. George*, 267 Ga. App. 851, 854 (2) (600 SE2d 837) (2004). In addition,

> [t]he proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings. Disobedience to the lawful order of a court is an obstruction of justice, and for such a violation the court, in order to compel respect or compliance, may punish for contempt. The power to punish for contempts is inherent in every court of justice. It is absolutely necessary that a court should possess this power in order that it may carry on the administration of justice and preserve order and decorum in the court.

(Citations and punctuation omitted.) *Griggers v. Bryant*, 239 Ga. 244, 246 (1) (236 SE2d 599) (1977). Appellant seizes upon the language in *Griggers* discussing the absence of a "express command or prohibition" in a final judgment and decree of divorce to argue that contempt cannot be employed to enforce the settlement agreement. But the settlement agreement here, in contrast to that in *Griggers*, is full of express language of command, which was noted by the trial court in its findings of fact and conclusions of law.

"Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties

thereby imposed upon him." (Citations and punctuation omitted.) *Gary v. Gowins*, 283 Ga. 433, 434 (658 SE2d 575) (2008). The order incorporating the special master's findings and the settlement agreement clearly informed Ruskin of the duties he undertook as a result of the settlement.

Finally, Ruskin contends that the trial court's order contained no finding of wilful contempt. However, the findings of fact and conclusions of law make clear that Ruskin and his partnership "did not contest that they had not complied with the Final Order. Plaintiffs instead took the position in their Response and at the hearing that they were not in contempt because the Final Order did not order them to perform any specific act." The findings of fact and conclusions of law then listed the three specific acts as to which Ruskin was in contempt of the earlier order, found that Ruskin was not in contempt as to several other provisions, and gave Ruskin the opportunity to purge himself of contempt or incur further penalties for wilful contempt. Finally, the trial court specifically found that Ruskin was in contempt so as to justify the award of attorney fees and expenses, and set a hearing "on the reasonableness of the requested fees."

"The words 'wilful refusal' . . . , although preferable, are not words of art which must appear in every contempt order. It is only necessary that the order specify sufficient facts to show that the respondent was in contempt of court." (Citations omitted.) *Floyd v. Floyd*, 247 Ga. 551, 553 (1) (277 SE2d 658) (1981). The trial court's findings of fact and conclusions of law, along with the record of the hearing, present ample support for the finding that Ruskin was in contempt of court.

In addition, this appeal is wholly without merit and appears to have been interposed purely for purposes of delay. Ruskin entered into a binding settlement but has refused to honor its express terms and is attempting to relitigate matters already decided in a previous appeal, in contravention of the public policy favoring settlements. *McClain v. George*, 267 Ga. App. 851, 855 (2) (600 SE2d 837) (2004); see also *Wright v. Stuart*, 229 Ga. App. 50, 52 (3) (494 SE2d 212) (1997). After an earlier appeal of this dispute which clearly held that the trial court adopted the special master's findings as part of its order, Ruskin had no good reason to appeal and raise essentially the same arguments for a second time. Any questions regarding the language or form of the order could have been raised in the earlier appeal.

Ruskin's intransigence for nearly four years has delayed enforcement of the settlement to which he voluntarily agreed. This is clearly an appeal for purposes of delay. We therefore impose frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), in the

amount of $2,000 against appellants and $2,000 against their appellate counsel. Upon return of the remittitur, the trial court is directed to enter a $4,000 judgment in favor of appellees in the form of a $2,000 penalty against T. W. Ruskin and McQuay of Georgia, LLP, and a $2,000 penalty against their appellate counsel.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 25, 2008.

*Steven P. Smith*, for appellants.

*Howick, Westfall, McBryan & Kaplan, Susan L. Howick, Michael C. Kaplan*, for appellees.