## A11A1450. EARLE v. EARLE.
### (717 SE2d 720)

BARNES, Presiding Judge.

Myrlin D. Earle, pro se, appeals from the order of the trial court denying his motion for contempt. Upon review, we affirm.

In 2005, a final judgment and decree of divorce was entered ending Earle's marriage to Caroline Earle. Per the divorce decree, the couple was granted joint legal and physical custody of the two minor children, with the children residing with the "mother from August 1 through May 31 of each year." The children stayed with the father "every first, third, and fifth weekend from Thursday after school . . . until Monday morning," and from June 1 to August 1 each year. The decree also stipulated that the parties

> shall consult and confer with each other regarding all decisions related to the children's health, education (including extracurricular activities), and religious upbringing. In the event the parties are unable to reach a consensus on one of these types of issues, Mother shall have final decision making authority as to healthcare; Father shall have final decision making authority as to religious upbringing. As to decisions involving the education of the children and their extracurricular activities, in the event of a disagreement the parties shall go to a parenting counselor . . . to determine whether after good faith discussion they can reach agreement. In the event a disagreement remains, Mother shall have final authority to make educational decisions including which school the children shall attend. Father shall have final authority to make decisions regarding extracurricular activities.

In 2009, the judgment was modified solely as to the parenting

time under the joint physical arrangement because of the mother's schedule as an emergency room physician. Under the modified decree, the children resided with the father from August 1 through May 31 of each year. The mother was given custody on the first, third, and fifth weekends of the month from Thursday after school until Monday morning, and from June 1 to August 1. Legal custody remained the same, as did "final decision making authority."

On May 17, 2010, the father filed a motion for contempt in which he primarily alleged that the mother was in contempt for refusing to allow the daughter to participate in certain golf tournaments during her custodial time, and for continuing to use a golf instructor for the child that he previously fired. He maintained that her actions violated his final decision-making authority related to extracurricular activities per the divorce decree. After a hearing, the transcript of which is not included in the record, the trial court denied the father's motion, but held that the golf instructor was "forbidden from having any contact" related to golf instruction with the daughter. It also held that the mother could utilize her custodial time with the children "in any way she deems appropriate."

A trial court's ruling on a motion for contempt will be affirmed on appeal if there is any evidence in the record to support it. *Killingsworth v. Killingsworth*, 286 Ga. 234, 237 (3) (686 SE2d 640) (2009).

1. The father first contends that the trial court erred because it found the mother violated the divorce decree but did not hold her in contempt. The father does not, however, provide any further argument related to this claim or cite any related authority to support his claim. He merely asserts that "[w]ithout supporting evidence that Respondent's conduct was not willful, failure to hold the Respondent in contempt violates Georgia Law." Therefore, this enumeration is deemed abandoned. *Mathis v. State*, 299 Ga. App. 831, 839 (2) (c), n. 29 (684 SE2d 6) (2009) (unsupported enumeration of error abandoned under Court of Appeals Rule 25 (c) (2)). Moreover, "in the absence of a transcript of the [hearing on such motion for contempt], we must presume that the evidence supports the trial court's findings." *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005).

2. The father next contends that the trial court improperly modified the original divorce decree. He argues that the order denying his motion for contempt contains "new terms, conditions and language" which result in a material modification of the decree's provision regarding his final decision-making authority concerning the children's extracurricular activities.

The father asserts that the trial court's provision that the mother "shall be permitted to utilize her custodial time with the party's children in any way she deems appropriate and she shall not

be required to follow the final decision making of the [father] with respect to the children's extracurricular activities during her custodial time," impermissibly modifies his final decision-making authority as to extracurricular activities.

> A court may not modify a previous decree in a contempt order. However, a court may always interpret and clarify its own orders. The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification. The trial court has the power to see that there be compliance with the intent and spirit of its decrees and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party.

(Citations and punctuation omitted.) *Cason v. Cason*, 281 Ga. 296, 297 (1) (637 SE2d 716) (2006).

Here, the trial court did not impermissibly modify the earlier decree but instead clarified the extent as to which the father's decision making as to children's extracurricular activities could encroach upon the mother's custodial time; and without the transcript of the hearing it is "presume[d] that the evidence supports the [trial court's] findings." *Blue v. Blue*, 279 Ga. at 550 (1).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED OCTOBER 18, 2011.

Myrlin D. Earle, *pro se.*
*Stern & Edlin, Shiel G. Edlin*, for appellee.

