A11A1895. BOWERMAN v. BOWERMAN.
(724 SE2d 481)

MIKELL, Presiding Judge.

Melissa Bowerman appeals from the trial court's order of April 29, 2011, holding her in contempt of her and Dr. Scott Bowerman's divorce and custody decree and subsequent orders of the court regarding custody rights and visitation.

Melissa Bowerman and Dr. Scott Bowerman were divorced in September 2006 by a final judgment and decree that incorporated a

---

previously executed 28-page settlement agreement between the parties. A subsequent order of May 29, 2007, was entered, making certain modifications to visitation by Dr. Bowerman with the two children of the marriage, a daughter, B. L. B. (born September 28, 1994), and a son, B. S. B. (born April 11, 1996), and to the counseling requirement for the parties and their children contained in the final judgment and decree. This order was also entered pursuant to the agreement of the parties.

Dr. Bowerman filed his petition for contempt in 2009, and Melissa Bowerman filed a counterclaim[1] for contempt. On October 29, 2009, the trial court entered its interim order on petition for contempt and counterclaim for contempt, holding both parties in contempt for failing to comply with the divorce decree and ordering that Melissa Bowerman

> shall not interfere with the father's visitation rights as established in the Divorce Decree, as modified by previous Order of this Court, including without limitation weekend, weekday, and holiday visitation . . . ; shall provide school uniforms, books and assignments to the children during periods of the father's visitation; [and] shall provide the children's medical bills to the father.

The order further directed that both parties "shall promptly notify the other of special events in the children's lives as well as physical injuries and medical care to the children." By separate order of the same date, the court also appointed Susan Boyan, a licensed marriage and family therapist, "to serve as a parenting coordinator in this action." The order also noted that the "action shall remain pending until the Court's receipt of reports from the parent coordinator."

On March 22, 2011, Dr. Bowerman filed a first amendment to the petition for contempt, attaching a copy of the "non-compliance memo" of Susan Boyan dated March 11, 2011, detailing the actions of Melissa Bowerman in refusing to cooperate with the counseling process and her continuing efforts to alienate the children from Dr. Bowerman. Following a hearing before the trial court on April 25, 2011, during which Susan Boyan, Nancy McGarrah, Ph.D., and the

---

[1] Because an application for contempt is a motion and not a complaint, a party may not file a counterclaim or cross-claim. *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996). No objection to this procedure, however, was voiced by Dr. Bowerman, and it was thereby waived. See *Spratt v. Henderson Mill Condo. Assn.*, 224 Ga. App. 761, 765 (3) (b) (481 SE2d 879) (1997).

parties testified,[2] the trial court entered the order at issue here.

A trial court's ruling on a motion for contempt will be affirmed on appeal if there is any evidence to support it.[3]

1. In her first enumeration, Melissa Bowerman contends that the trial court erred in finding her in contempt "by failing to articulate which specific provision of any prior order" she had violated.

As set out above, the trial court's judgment and decree in September 2006 incorporated the agreement of the parties regarding their responsibilities toward the children and each other. That order was modified by the order of May 29, 2007, which also states that the parties thereto had "entered into an agreement to resolve all matters and issues" presented to the court at that time.

Where parties have agreed to resolve their dispute and entered into a written agreement specifying the terms by which they have done so, "a trial court should make that settlement the judgment of the court[.]"[4]

In ruling on a motion for contempt, a trial court is not required to enter findings of fact and conclusions of law.[5] Also, having entered into agreements including very specific, all-encompassing requirements including express language of command directed at both parties, it is difficult to conceive that Melissa Bowerman was unaware of her obligations under the orders. Because the orders incorporated the terms of the agreements, she was clearly informed of the duties she assumed.[6]

Further, "[i]t is only necessary that the order specify sufficient facts to show that the respondent was in contempt of court."[7] The order finding Melissa Bowerman in contempt satisfies this requirement.

2. Melissa Bowerman's second and sixth enumerations of error are dependent on our review of the hearing in order to evaluate them. She, however, did not include a transcript of this hearing in the record before us, and we are, therefore, unable to do so.

"It is axiomatic that one seeking reversal must show not only error but also harm. Failure to show harm vitiates any possible error."[8]

---

[2] No transcript of this hearing has been submitted for our consideration.

[3] *Earle v. Earle*, 312 Ga. App. 139, 140 (717 SE2d 720) (2011).

[4] (Citation and punctuation omitted.) *McClain v. George*, 267 Ga. App. 851, 854 (2) (600 SE2d 837) (2004).

[5] *Brown*, supra at 891 (1); *Hines v. Hines*, 237 Ga. 755, 756 (1) (229 SE2d 744) (1976).

[6] *Ruskin v. AAF-McQuay, Inc.*, 294 Ga. App. 842, 844 (670 SE2d 517) (2008).

[7] (Citation and punctuation omitted.) Id.

[8] (Citations and punctuation omitted.) *McClain*, supra.

3. In her third and fourth enumerations of error, Melissa Bowerman urges that the trial court erred in modifying summer visitation by giving Dr. Bowerman primary physical custody during that time and by modifying legal custody by encroaching upon her right to have the final decision regarding the children's healthcare. They are considered together.

(a) Although Melissa Bowerman is correct that a trial court may not modify a previous decree and judgment of divorce in a contempt proceeding, a trial court "is expressly authorized to modify visitation rights, even on its own motion, during a contempt proceeding."[9]

The original agreement between the parents provided that Dr. Bowerman "shall have the children alternating weeks during the summer months after school is in recess for the summer." In the order at issue, the trial court ordered that Dr. Bowerman "shall have visitation with [B. S. B.] for six weeks during summer vacations in blocks of no more than two weeks, with no less than two days between visitation blocks." The addition of two weeks of summer visitation with his son does not, as argued by Melissa Bowerman, effect a change in primary physical custody of the child to Dr. Bowerman.

> Modification of child visitation rights is a matter of discretion with the trial court. *If reasonable evidence exists in the record to support the trial court's decision to change visitation rights*, then the decision of that court will stand. The trial court's decision will not be overturned absent abuse of discretion.[10]

Again, we are unable to review the evidence presented at the hearing below and, therefore, Melissa Bowerman has failed to show harm from any alleged error.[11] We find no merit in this enumeration.

(b) Regarding health care decisions, the agreement of the parties, made part of the judgment and decree of the court, provided that "[b]oth parents shall have *equal rights* and responsibilities for major decisions concerning the children, including the children's . . . healthcare . . . ; provided, however, should the parties not be able to agree after conferring with one another, then the Mother shall have the right to make the final decision." (Emphasis supplied.)

In the order at issue, the trial court did not make any modifications to this provision which, on its face, grants equal rights to the

---

[9] (Citation and punctuation omitted.) *Carlson v. Carlson*, 284 Ga. 143, 144 (663 SE2d 673) (2008); see also OCGA § 19-9-3 (b).

[10] (Punctuation and footnotes omitted; emphasis supplied.) *Gildar v. Gildar*, 309 Ga. App. 730, 731-732 (710 SE2d 913) (2011).

[11] *McClain*, supra.

parties unless they are unable to agree regarding healthcare. The trial court did order that Dr. Bowerman and his daughter enter into counseling. Such a direction does not alter legal custody, as argued by Melissa Bowerman.

In her argument here, Melissa Bowerman quotes extensively from an affidavit from B. L. B. contained in the record. Since, however, B. L. B. did not testify at the contempt hearing, denying her father the right to cross-examine her, we will not consider the affidavit here.[12]

The cases relied upon by Melissa Bowerman here are distinguishable.[13]

4. The trial court granted $5,800 in attorney fees and expenses to Dr. Bowerman and ordered that Melissa Bowerman reimburse him for his payments to Susan Boyan in the amount of $3,400. Melissa Bowerman's fifth enumeration is that the trial court erred in ordering that Dr. Bowerman "[m]ay deduct the total amount, $9,200.00, from the payment of periodic alimony [$10,000 per month] at the rate of $1,500.00 per month."

"We will not disturb the trial court's decision awarding attorney fees 'unless it can be clearly shown by the appellant that the trial court committed grievous error or a gross abuse of discretion.' "[14]

Nonetheless,

> after a decree for permanent alimony has become absolute, there is no authority given under the law by which a trial court is empowered to abrogate or modify the obligation imposed by the decree, unless such a right has been reserved by consent of the parties in the final decree itself, or an action is brought as provided under [OCGA §§ 19-6-18 through 19-6-25].[15]

Therefore, we find this provision of the order of contempt to be such a grievous error and reverse this portion of the trial court's order.

---

[12] *Growth Properties of Fla. v. Wallace*, 168 Ga. App. 893, 899 (4) (310 SE2d 715) (1983) ("[E]x parte affidavits should not be allowed in evidence in any trial where the evidence is finally adjudicated because it denies the privilege of cross-examination as allowed by OCGA § 24-9-64.") (citations and punctuation omitted).

[13] *Pineres v. George*, 284 Ga. 483 (1) (668 SE2d 727) (2008) (Trial court erred "when it shifted final decision-making authority regarding their minor son's health care to their co-parenting counselor[.]"); *McCall v. McCall*, 246 Ga. App. 770, 773 (2) (542 SE2d 168) (2000) (By granting new rights and entitlements to the noncustodial parent, "the trial court effectively granted a change in custody equivalent to 'joint legal custody.' ") (footnote omitted).

[14] (Citation omitted.) *Waits v. Waits*, 280 Ga. App. 734, 735 (634 SE2d 799) (2006).

[15] (Citations and punctuation omitted.) *Anderson v. Anderson*, 230 Ga. 885, 886 (199 SE2d 800) (1973).

*Judgment affirmed in part and reversed in part. Dillard and Boggs, JJ., concur.*

DECIDED MARCH 1, 2012.

*Patricia B. Ball, Allyson C. Russell-Blair*, for appellant.
*Brinson, Askew, Berry, Seigler, Richardson & Davis, Frank H. Jones*, for appellee.