**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 5, 2013**

# In the Court of Appeals of Georgia

A13A0890. DUNCAN v. MUGHELLI.

BOGGS, Judge.

In this child visitation action, Taira Duncan and Ovie Mughelli filed cross-motions for contempt of a final judgment following a guardian ad litem's arbitration award involving their minor daughter. The trial court issued an order on the motions that, among other things, required the appointment of a parenting coordinator and ordered all forfeiture language stricken from the arbitration award. Duncan appeals, contending that the trial court was without authority to modify the terms of a custody order in a contempt proceeding. For the following reasons, we affirm.

The relevant facts here are as follows. The child, O. M., was born on February 28, 2009. The mother, Duncan, filed a complaint to establish paternity and child support. Duncan and Mughelli subsequently entered into a consent order on

December 23, 2009, in which Mughelli was declared to be O. M.'s legitimate father. The parties were awarded joint legal custody, Duncan was awarded primary physical custody, and the parties agreed to the terms of child support and visitation.

In August 2010, Mughelli filed a "Petition for Modification of Custody and Visitation and Petition for Citation of Contempt." He filed a separate motion on the same day for the appointment of a guardian ad litem. On September 20, 2010, the parties agreed to the appointment of a guardian ad litem, with Mughelli to be responsible for the payment of the guardian ad litem's fees. After continued disputes between the parties and the filing of several discovery requests, the parties entered into another consent order agreeing to allow the guardian ad litem to arbitrate their disputes. The order provided: "[The guardian ad litem]'s ruling shall be binding on the parties, and shall be incorporated by him into a proposed final order that either side or [the guardian ad litem] may submit to the Court as a final order in this case."

The guardian ad litem arbitrated the parties' disputes and submitted an "arbitration award" to the superior court. The guardian ad litem did not modify custody as previously determined in the 2009 consent order, but did modify "parenting time and conditions of visitation." The award contained the following provision: "If Mr. Mughelli returns the child to Ms. Duncan on a Tuesday later than

2

the grace period provided . . . , then he shall forfeit his next Tuesday visitation." The award also provided: "The parties are encouraged but not mandated to seek co-parenting counseling or assistance to facilitate their communication and parenting of their child." On June 16, 2011, the superior court approved the arbitration award and incorporated it into a final order.

On August 2, 2011, Duncan filed a motion for contempt alleging that Mughelli violated certain visitation terms of the "Consent Final Order." On April 11, 2012, Mughelli filed a motion for contempt alleging that Duncan had prevented him from seeing O. M. in violation of the June 16 final order. Mughelli filed an amended motion for contempt and complaint for modification of custody on April 30, 2012, alleging that Duncan abused the forfeiture provision of the arbitration award.[1] Duncan then filed a second motion for contempt on June 12, 2012, and a third motion on July 23.

On August 3, 2012, following a hearing on the cross-motions for contempt, the trial court issued a ruling that among other things, ordered that "all forfeiture

---

[1]While partially titled "complaint for modification of custody," Mughelli sought only to remove the forfeiture provision from the arbitration award.

language is stricken from the Arbitration Award," and granted Mughelli's request for the appointment of a parenting coordinator.[2] Duncan now appeals from this order.

In two enumerations, Duncan argues that the trial court "improperly modified the terms of the prior judgment on custody." She contends that the court was without authority to modify the terms of a custody order in a contempt proceeding. It is true that "[i]n a contempt proceeding, the trial court does not have authority to modify a final order of custody, which must be brought as a separate action." (Citation and punctuation omitted.) *Coker v. Moemeka*, 311 Ga. App. 105, 107 (1) (714 SE2d 642) (2011). But here, the court made no modification to custody. Compare id. The court determined that the visitation forfeiture provision was not in the best interest of the child because it had the effect of causing "the child to go for extended periods of time without seeing her father." By striking this provision of the arbitration award, the court effectively modified visitation, which it had the authority to do in a contempt proceeding. *Bowerman v. Bowerman*, 314 Ga. App. 487, 490 (3) (a) (724 SE2d 481) (2012); *Gildar v. Gildar*, 309 Ga. App. 730, 731 (710 SE2d 913) (2011). The appointment of a parenting coordinator likewise did not affect custody. See

---

[2]As noted by the trial court, it had previously ordered the parties to choose a parenting coordinator in July 2012.

4

*Bowerman*, supra, 314 Ga. App. at 490-491 (3) (b) (order for counseling does not alter legal custody). The trial court has the authority to make such rulings in a contempt action following the entry of a final order of a custody agreement. See id. at 490 (3) (a). And we find no authority to suggest, or any other reason to conclude, that the court would not have the same authority following the entry of a final order of an arbitration award. Compare, e.g., OCGA § 19-9-5 (b) (court shall ratify custody agreement and make part of its final judgment unless such agreement would not be in best interests of the child) with OCGA § 19-9-1.1 (court shall incorporate arbiter's decision on custody into final judgment unless award would not be in best interests of the child). We therefore affirm the trial court's order.

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*