### 19291. ANTHONY *v.* ANTHONY.

SUBMITTED APRIL 9, 1956—DECIDED MAY 14, 1956.

*Maddox & Maddox,* for plaintiff in error.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* contra.

HEAD, Justice. This court has repeatedly held that the judgment of a trial judge awarding custody of minor children in a

divorce action is a final adjudication of the right of custody on the facts then existing, and any attempt by the trial judge to retain jurisdiction, by recitations to that effect in the decree, is wholly ineffective. *Burton* v. *Furcron,* 207 *Ga.* 637 (63 S. E. 2d 650) ; *Hanson* v. *Stegall,* 208 *Ga.* 403 (67 S. E. 2d 109) ; *Stout* v. *Pate,* 209 *Ga.* 786 (75 S. E. 2d 748) ; *Barrentine* v. *Barrentine,* 210 *Ga.* 749 (82 S. E. 2d 857) ; *McAfee* v. *Martin,* 211 *Ga.* 14 (83 S. E. 2d 605) ; *Broome* v. *Broome,* 212 *Ga.* 132 (91 S. E. 2d 18). The inclusion in the order of a provision that the minor child must not be taken from the jurisdiction of the court constitutes an attempt on the part of the trial court to retain exclusive jurisdiction of the case, which can not be done. *Gibbs* v. *North,* 211 *Ga.* 231 (84 S. E. 2d 833).

"An award of custody in divorce proceedings, based upon an agreement of the parties providing that the trial court should retain jurisdiction of custody of the children, is a final judgment on the facts then existing, and further proceedings relating to such question against the person awarded custody by the divorce court, must be brought in the county of such person's residence." *Goodloe* v. *Goodloe,* 211 *Ga.* 894 (89 S. E. 2d 654).

It was error to overrule the demurrer based on the failure of the petition to allege jurisdiction of the respondent.

*Judgment reversed. All the Justices concur.*