### 23093. TANNER v. TANNER.

PER CURIAM. In a suit for divorce and alimony the trial court awarded custody of the minor child of the parties to the plaintiff mother and gave defendant certain visitation rights, such award being subject to the following condition contained in the decree: "In the event the petitioner shall attend a school or institution of vocational training and education of any kind

or nature outside of the territorial limits of Ware County, Georgia, then and in that event the child shall be placed in the custody and control of the defendant during the period of the petitioner's absence from Ware County, Georgia, for such purpose, and the petitioner shall have the identical rights of visitation with the child as are hereinabove stated for the defendant. However, a change of residence by the petitioner from Ware County, Georgia, for the purpose of employment or residency or any other purpose not hereinabove stated shall not operate to award the custody and control of the child from the petitioner." Plaintiff excepts to the decree awarding custody of the child. *Held:*

Plaintiff's contention that by such condition in the award of custody the trial court attempted to retain jurisdiction over the case and that it is ineffective, void and should be stricken from the decree is without merit. "An award of custody of a minor child in a divorce decree is a final adjudication of the right of custody on the facts then existing, and any attempt on the part of the trial court to retain jurisdiction of the case, and make the award only temporary, is ineffective." *Anthony v. Anthony*, 212 Ga. 356 (92 SE2d 857) and cases cited. Here the trial court does not attempt to retain jurisdiction over the case or the question of custody of the child. It is within the discretion of the trial court to impose such limitation as may be required by the present state of facts adduced on the trial of the issue. The basis of the condition may well be that plaintiff would not be a fit parent while attending school outside the county, because her time for parental care would be severely limited, and that no such problem exists or is likely to arise if she remains in the county or, should she leave the county, does not attend an educational institution elsewhere. Conceivably, these or similar circumstances could have been found to exist and would support the award of custody. The evidence is not before us, so we do not know what the facts are. The decree does not provide that the court shall have continuing jurisdiction, nor does it prohibit taking the child from the jurisdiction of the court or prohibit the parties from leaving its jurisdiction. The use by the court of "the territorial limits of Ware County" in the decree is to be viewed merely as a device by the court to mold an award of custody to conform with the facts then known to it. The award of custody is final, valid, and effective and the trial court did not err as contended.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Leon A. Wilson, II,* for plaintiff in error.