40412, 40413. MITCHELL v. MITCHELL (two cases).

MARSHALL, Presiding Justice.

We granted the appellant-former wife's application to appeal a final judgment entered by the superior court in this consolidated divorce, alimony and child-custody proceeding.

The parties were married in 1967 in Tehran, Iran. The former husband is a United States citizen born in Henry County, Georgia. The former wife is a Lebanese citizen with status as a permenent-resident alien of the United States. During the parties' marriage, they had lived in various countries throughout the world. For approximately five years, they lived in Georgia. Since 1975, they have lived in Dubai, United Arab Emirates, where the former husband had gone into business with the former wife's father. The parties have three children: Suzanne, who is 14 years of age; David, who is 10 years of age; and Christopher, who is eight years of age. Suzanne attends boarding school in London. David and Christopher attended private school in Dubai.

In October of 1982, the former husband's business relationship with the former wife's father was deteriorating, as was the parties' marriage. While the former wife was on a trip to London and New York, the former husband absconded with David and Christopher from Dubai to Atlanta. However, the former wife, her attorney, and an Atlanta police officer apprehended them at the Atlanta airport, and from there the two sons accompanied their mother to New York. The daughter has remained in school in London.

On November 1, 1982, the former wife instituted an action for child custody in the courts of New York. On November 3, the former husband filed a child-custody petition in Henry County, and on November 22 he filed a complaint for divorce and child custody in Henry County. On December 15, the New York court entered an order ruling that under the Uniform Child Custody Jurisdiction Act (UCCJA), the courts of Georgia rather than New York should exercise jurisdiction over this custody dispute. In the course of this order, the New York court noted that the parties, as non-Moslems,

lack access to the courts in the United Arab Emirates.

The former wife has rented an apartment in Cobb County, and the two sons have been enrolled in school there. Temporary custody was granted jointly to both parties, the sons to reside two weeks with one parent and then two weeks with the other parent.

After conducting various hearings, the superior court entered a final judgment providing as follows: Permanent custody of the two sons was awarded to the parties jointly, with the mother having custody during the school year and the father having custody during summer vacation and certain holidays; weekend visitation rights were also granted to one parent when the other parent has custody. The father was ordered to pay $60 per week child support for each son. Custody of the daughter was granted to the mother, with the father given visitation rights and the obligation to pay child support if she should come to the United States to live with her mother. It was also ordered that neither parent shall take either minor son out of Georgia without the written agreement of the other parent or by order of the court; nor shall either parent procure a passport for the minor sons without written agreement of the other parent or by order of the court; and each parent is enjoined from making application for a passport for either son without consent of the other parent. The former husband was not required to pay alimony. Each party was ordered to pay his or her own attorney fees. Court costs were assessed against the former husband. Each party was ordered to retain the property in his or her possession.

In her appeal, the former wife argues that the superior court erred in imposing the prohibitions against either parent from taking either of the sons out of Georgia, from procuring passports, and from making passport applications. As authority in support of her argument, she cites *Connell v. Connell,* 222 Ga. 765 (3) (152 SE2d 567) (1966), and *Anthony v. Anthony,* 212 Ga. 356, 358 (92 SE2d 857) (1956). She also argues that the trial court erred in not awarding to her: child support for the daughter, travel and other expenses incurred by her in coming to Georgia to litigate this matter, temporary alimony and child support, and expenses of this litigation.

In so arguing, the former wife characterizes this as a case in which the former husband kidnapped their two sons from Dubai and carried them thousands of miles to Georgia in order to litigate this case in a forum prejudicial to her. She further argues that at great personal expense and hardship, she has had to move herself and the two sons to Georgia in order to defend this action.

The former husband's response is that the provisions in the divorce decree imposing the prohibitions against either parent from taking either of the sons out of Georgia, from procuring passports, or

from making passport applications are authorized under *Tanner v. Tanner,* 221 Ga. 406 (144 SE2d 40) (1965), and that *Anthony* and *Connell* are distinguishable. He argues that the awarding of temporary alimony, child support, travel expenses, and litigation expenses is within the discretion of the trial judge, and, in view of the proven disparity between the financial means of the parties, the trial judge did not abuse his discretion in refusing to award the former wife these expenses.

The former husband characterizes the facts of this case as follows: The former wife's father is a man of great wealth and power in the United Arab Emirates, and as the former husband's sponsor in that country, he exercised complete control over him. If he had not fled Dubai with his sons, after the divorce he never would have seen them again. After the former wife took the children at the Atlanta airport, she attempted to take them back to Dubai but could not obtain passports. She attempted to forum shop in New York. If she is allowed to return with the children to Dubai, the former husband will never see them again.

1. It has been held in Georgia that the court, in its discretion, may require a bond to be posted as a condition precedent to removal of the child or children from the state in order to assure their return. *Dearman v. Rhoden,* 235 Ga. 457 (5) (219 SE2d 704) (1975); *Good v. Good,* 205 Ga. 112 (52 SE2d 610) (1949). However, it also clearly has been held that inclusion in a custody award of a provision that the child must not be taken from the jurisdiction of the court, or removed from the state without the consent of the parties, is an unauthorized attempt on the part of the court to retain jurisdiction of the case and cannot be done. *Hollingsworth v. Peck,* 226 Ga. 95, 96 (172 SE2d 839) (1970) and cits.; *Connell v. Connell,* supra, and cits.; *Anthony v. Anthony,* supra, and cits.; Ga. Divorce, Alimony & Child Custody (2nd Ed.), § 25-7. *Tanner v. Tanner,* supra, is distinguishable for the reasons given in that opinion. The Georgia rule would thus appear to be contrary to the position taken by a majority of the states, which would allow a court, as a matter of discretion, to enjoin the custodial parent from removing the child or children from the state (or to a foreign country). Dokos v. Dokos, 232 NE2d 508 (Ill. App. 1967); Brock v. Brock, 586 SW2d 927 (Tex. Civ. App. 1979); 24 AmJur2d 979, Divorce & Separation, § 988 et seq.

However, we are impressed that in practice, though perhaps arguably not in theory, there is a distinction between prohibiting removal of the child or children from the country, as opposed to prohibiting their removal from the state. If children are removed from one state in this country to another, even if the courts of the one state lose jurisdiction of the matter the courts of the other state are

available to provide relief to a parent wrongfully deprived of custody. However, the evidence in this case indicates that if the children here were removed to the United Arab Emirates, and if the mother refused to return the children to this country, the courts of that country would provide no relief, and, thus, the father would be wholly unable to obtain enforcement of his custody rights. We, therefore, hold that in a situation such as this the court has the discretion to prohibit removal of the children from the country.

Therefore, although the provisions in the divorce decree imposing prohibitions against either parent from taking either of the sons out of Georgia must be reversed under the previously cited Georgia cases, the provisions in the decree imposing the prohibitions concerning the procuring of passports or making of passport applications are affirmed.

2. As to the trial judge's failure to award the complained-of expenses to the former wife, this is a matter lying within the trial judge's discretion. While the awarding of these expenses to the former wife certainly would have been authorized, we cannot say that the refusal to award these expenses constitutes an abuse of discretion.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Clarke, J., who dissents from Division 1.*

DECIDED JANUARY 25, 1984.

*Joe H. Bynum, Jr.,* for appellant.

*Harrison & McGarity, Stephen P. Harrison, Edward E. McGarity,* for appellee.

CLARKE, Justice, dissenting.

It is my view that Georgia should adopt the majority rule and allow the trial court to exercise its discretion to enjoin the removal of children from the state. I would overrule those cases which hold to the contrary.