## A06A0899. CURTIS v. KLIMOWICZ.
### (631 SE2d 464)

BLACKBURN, Presiding Judge.

In this discretionary appeal from a trial court's order modifying his divorce decree, Jeremiah Curtis, who presently serves in the military, contends that the trial court erred in prohibiting his minor child from leaving the jurisdiction of the United States. Specifically, Curtis argues (1) that the court improperly attempted to retain jurisdiction over the action, (2) that the court failed to find that removal from the country would harm the child, and (3) that if he is assigned duty outside the United States, he would be deprived of custody of his child. For the reasons that follow, we affirm.

The undisputed facts show that Curtis and Natasha Klimowicz were divorced in September 2000. Pursuant to the divorce decree, Curtis and Klimowicz shared joint legal and physical custody of their daughter, A. C., who was two years old at the time of the divorce, with Curtis having physical custody on Wednesdays (or Thursdays of alternating weeks) through Sunday, and Klimowicz having custody Sunday evening through Wednesdays (or Thursdays of alternating weeks).

From 2000 to 2003, Curtis lived in Georgia and shared physical custody of A. C. In July 2003, Curtis enlisted in the U. S. Army and was stationed at Fort Riley, Kansas. Having remarried in September 2003, he was called to serve in Iraq in October 2003, and returned to Fort Riley in February 2004.

In May 2004, Klimowicz, who lives in Gilmer County, filed an emergency motion for ex parte modification of custody seeking temporary sole physical and legal custody of A. C. Curtis answered and counterclaimed for modification, seeking primary physical custody.[1] Following an emergency hearing, the trial court did not find sufficient

---

[1] In light of Curtis's answer and counterclaim, and the fact that he did not raise the issue of what impact, if any, the Servicemembers Civil Relief Act, 50 USC Appendix § 501 et seq. has on this proceeding, we do not address the potential application of that Act here.

evidence to justify an emergency modification, and instead appointed a guardian ad litem to investigate and make a recommendation to the court.

In November 2004, after a second hearing to make a final determination as to custody, the trial court denied Klimowicz's petition for modification, citing evidence of her drug use and poor care of A. C. The court granted Curtis's counterclaim, awarding Curtis primary physical custody (but otherwise maintaining the joint legal custody arrangement). With respect to Curtis's military service, the trial court's order stated as follows:

> The father is presently serving in the military service of the United States and is subject to be assigned for extended overseas duty. In the event that the father is assigned to duty overseas, in other words, outside the United States of America, then the minor child shall at all times remain in the United [S]tates and shall not be removed from the jurisdiction of the United States of America.

1. Curtis appeals this provision of the order, contending that the court improperly attempted to retain jurisdiction of the case. We disagree.

As this question turns on an application of law based on undisputed facts, we apply a de novo standard of review. *Snyder v. Carter*.[2] It is well settled "that the judgment of a trial judge awarding custody of minor children in a divorce action is a final adjudication of the right of custody on the facts then existing, and any attempt by the trial judge to retain jurisdiction, by recitations to that effect in the decree, is wholly ineffective." *Anthony v. Anthony*.[3] Therefore, "[t]he inclusion in the order of a provision that the minor child must not be taken from the jurisdiction of the court constitutes an attempt on the part of the trial court to retain exclusive jurisdiction of the case, which can not be done." Id. at 358.

However, here, the order does not prevent the child from being taken from the jurisdiction of the court, i.e., to another state. Instead, the order merely prevents the child from being taken outside the United States and does not purport to retain exclusive jurisdiction on the part of the trial court. As noted by the Supreme Court of Georgia in *Mitchell v. Mitchell*,[4] "there is a distinction between prohibiting removal of the child or children from the country, as opposed to

---

[2] *Snyder v. Carter*, 276 Ga. App. 426 (623 SE2d 241) (2005).
[3] *Anthony v. Anthony*, 212 Ga. 356, 357-358 (92 SE2d 857) (1956).
[4] *Mitchell v. Mitchell*, 252 Ga. 46, 48 (1) (311 SE2d 456) (1984).

prohibiting their removal from the state." For example, as explained in *Mitchell*, the custody laws in the United Arab Emirates differ from those in the United States, and the noncustodial parent's rights would be difficult if not impossible to enforce there. See id. at 49 (1). In *Mitchell*, the Supreme Court recognized that foreign jurisdictions could present impediments to enforcing custodial rights that are not present in this country. Moreover, sharing custody across national boundaries presents additional practical hurdles to enforcing custody and visitation such as passports and visa requirements and increased travel expenses.

In any event, we note that Curtis states in his brief that if he is deployed overseas, A. C. will remain at home with his current wife, who has taken an active role in parenting A. C. While the court may not retain jurisdiction for future rulings, such is not the case here. The subject order does not impose any improper self-executing modification in legal or physical custody triggered by an overseas assignment. See *Scott v. Scott*[5] ("[i]t is well established that 'Georgia law does not permit a modification of custody based solely on a custodial parent's relocation' "). However, the order here would not effect an automatic change of Curtis's custody award and would not grant Klimowicz any additional custody rights. Accordingly, because the order does not attempt to retain exclusive jurisdiction, this enumeration is without merit.

2. Curtis also contends that the trial court erred by failing to find that A. C.'s travel overseas would affect the welfare of the child. We disagree.

"If reasonable evidence exists in the record to support the trial court's decision to change custody or visitation rights, then the decision of that court will stand. The trial court's decision will not be overturned absent abuse of discretion." *Daniel v. Daniel*.[6] In cases where both parents share joint legal custody of their child, the underlying goal is to encourage both parents to play a role in raising the child. Id. at 485 (2). Here, the trial court's order stated that it is in the best interest of A. C. for her to stay in the country if her father, who was awarded primary physical custody, was assigned duty overseas. This reflects a practical attempt to minimize the challenges of an already difficult situation where two parents share joint legal custody while living in different states. This also facilitates the mother's ability to exercise her visitation rights, which the order specifies are, at a minimum, two weekends per month. In light of the evidence that A. C. had already been living with her mother much if

---

[5] *Scott v. Scott*, 276 Ga. 372, 374 (578 SE2d 876) (2003).
[6] *Daniel v. Daniel*, 250 Ga. App. 482, 484 (2) (552 SE2d 479) (2001).

not most of the time prior to the court's order, the trial court's attempt to facilitate the continuation of that relationship in this case does not constitute an abuse of discretion.

3. Curtis finally contends that the trial court's restriction on A. C.'s travel wrongfully prevents him from exercising primary physical custody if he is assigned duty overseas. However, as noted in Division 1, even if Curtis is assigned duty overseas, he will retain primary physical custody of A. C. in that she will remain at home with his current wife. In such a scenario, Curtis would be free to exercise his custody rights by traveling back to the United States during off-duty periods or at the end of his assignment. If circumstances change and Curtis moves his domicile and wife overseas, then he would be free to petition the court for a modification of custody in light of those changed circumstances. Therefore, we discern no abuse of the trial court's discretion. See *Scott v. Scott*[7] (applying abuse of discretion standard to trial court's joint custody arrangement).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 16, 2006.

*George W. Weaver, Barbara A. Sosebee,* for appellant.
*James L. Bass,* for appellee.

