### A10A0572. HARDIN v. HARDIN.
(693 SE2d 605)

MIKELL, Judge.

Victoria Hardin ("Mother") and Dirk Hardin ("Father") were divorced pursuant to a final judgment and decree entered on February 13, 2006. Mother was granted sole custody of their three children — H. H. H., then age five; E. D., then age two; and H. J. H., then age one — and Father received visitation rights. Shortly thereafter, H. H. H. and E. D. allegedly disclosed to Mother that Father had touched them inappropriately during a visit. Mother filed a petition to modify custody on May 23, 2006, alleging that a substantial change of circumstance had occurred and that Father should not have visitation privileges. The trial court issued an order suspending Father's visitation until resolution of the abuse allegations. Following a hearing, the trial court found no direct evidence of sexual abuse by Father and concluded that Mother had not established her allegations by a preponderance of the evidence. The court thus denied the petition to modify and reinstated Father's visitation rights. Before entering its order, the court declined to hear additional evidence proffered by Mother. We granted Mother's application to review these rulings. Although we find no abuse of discretion in the

Conditions of the Contract for Construction."

trial court's judgment based on the evidence presented at the hearing, we conclude that the court erred in refusing to consider additional evidence proffered by Mother. Therefore, we reverse the court's order and remand for proceedings consistent with this opinion.

1. Mother asserts that the trial court abused its discretion in restoring Father's visitation privileges in light of the evidence presented at the hearing. "Modification of child visitation rights is a matter of discretion with the trial court."[1] "If the record contains any reasonable evidence to support the trial court's decision on a petition to modify custody, it will be affirmed on appeal."[2]

Properly viewed, the evidence in this case shows that Mother reported the children's disclosures to the Lowndes County Department of Family and Children Services ("DFCS") on May 9, 2006. An extensive investigation ensued. After a preliminary review, DFCS substantiated the allegations of sexual abuse, but following a panel review, the department changed its findings to unsubstantiated and closed its file. Law enforcement agencies determined that child molestation charges were unfounded because Father passed a polygraph test and there was no medical evidence of abuse. Various experts, however, including Janice H. Loeffler, M.D., a pediatrician with extensive training in child sexual abuse, Joseph Driggers, a therapist with the Child Advocacy Center, and Connie Schenk, Ph.D., who performed a psychological examination on both parents, determined that the children's allegations were "highly credible." Moreover, the investigation uncovered evidence that Father had an affinity for pornography and had acted inappropriately toward his 16-year-old stepdaughter. Noting Father's "pornographic predilection," the children's guardian ad litem recommended that Father's visitation rights not be restored.

The modification hearing was held on August 28, 2008. Dr. Loeffler testified that she examined the children on May 24, 2006, and found no physical evidence of sexual abuse. However, Loeffler found H. H. H.'s and E. D.'s allegations of abuse credible. Loeffler testified that H. H. H., who was four and one-half years old at the time, related that E. D. and Father put crayons in her "booty" and touched her "tee tee"; that Father also put his finger in her "booty" and "tee tee"; that she would sit on Father's lap and he put his penis in her "booty"; that when all of this happened, they were unclothed; and that she told Father to stop. Similarly, E. D. had reported to Loeffler that Father had touched his penis and put his mouth on it.

---

[1] (Citation omitted.) *Parker v. Parker*, 242 Ga. 781 (251 SE2d 523) (1979).

[2] (Citation omitted.) *Weickert v. Weickert*, 268 Ga. App. 624, 627 (602 SE2d 337) (2004).

With regard to H. H. H., Loeffler testified that in her experience, four-year-olds do not fabricate such events. On cross-examination, Loeffler testified that the children did not make any further allegations of sexual abuse during subsequent visits. Father testified that he did not commit any of the acts of which he had been accused.

The trial court concluded that the evidence was not "persuasive enough to establish a ruling denying visitation rights to the respondent." Mother essentially argues that the trial court abused its discretion in refusing to suspend Father's visitation privileges with the children by taking issue with the trial court's factual finding that she had not established her allegations of sexual abuse by a preponderance of the evidence. But an appellate court does not reweigh the evidence; "the Solomonic task of assigning the custody of children lies squarely upon the shoulders of the judge who can see and hear the parties and their witnesses, observe their demeanor and attitudes, and assess their credibility."[3] And where there is any evidence to support the trial court's finding, it cannot be said that the court abused its discretion.[4] As the evidence of sexual abuse was not conclusive, we cannot say that the trial court abused its discretion in denying Mother's petition.

2. Mother also challenges the trial court's refusal to consider additional evidence discovered after the hearing but before the court entered its final ruling. This enumeration of error has merit. At the hearing, Father was questioned about his recent marriage to 18-year-old Samantha Nicole Smith, who had an 18-month-old daughter and was 20 years younger than Father. He testified that he had believed Smith was 27 years old when he married her. Father also testified that Smith was "somewhere in Tennessee" and that he had no contact information for her. After the hearing, but before the trial court ruled on the modification petition, Mother's attorney located Smith and interviewed her. Counsel wrote the court a letter asserting that Smith had information "imperative for the safety of these children" and was willing to testify concerning Father's parental fitness. Counsel asked that the guardian ad litem and/or the psychologist, Schenk, be permitted to interview Smith and provide supplemental information to the trial court. The court denied the request, noting that "the evidence is closed." Mother correctly argues that the trial court erred in refusing to consider this new evidence. In *Shore v. Shore*,[5] our Supreme Court held that, in the context of an action for change of custody, a "trial court must

---

[3] (Citation and punctuation omitted.) Id. at 626-627.

[4] See *King v. King*, 284 Ga. 364, 365 (667 SE2d 30) (2008) (trial judge has very broad discretion in assigning custody in divorce action).

[5] 253 Ga. 183 (318 SE2d 57) (1984).

consider all facts and conditions which present themselves up to the time of rendering the judgment and not merely facts and conditions which occur prior to the filing of the petition."[6] Thus,

> where the issue is a material change in conditions affecting the welfare of a child, it is error to refuse to hear any evidence which might have some bearing upon that issue. *Where the welfare of a child is involved, relevant information must be received up until the very time that the court rules.*[7]

As the trial court's refusal to consider additional evidence before ruling on Mother's petition runs afoul of *Shore*, we reverse the court's judgment and remand for proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 6, 2010.

*Michael S. Bennett, Sr., James T. Bennett*, for appellant.
Dirk Hardin, *pro se*.

---

[6] Id. at 184, citing *Westmoreland v. Westmoreland*, 243 Ga. 77, 79 (252 SE2d 496) (1979).

[7] (Emphasis supplied.) Id.