## A11A0759. GILDAR v. GILDAR.
### (710 SE2d 913)

PHIPPS, Presiding Judge.

David Gildar (the father) appeals from an order that, inter alia, lifted certain restrictions on the visitation rights of his former wife, Catherine Gildar (the mother), with their children.[1] Finding no error, we affirm.

The record shows that on June 8, 2005, pursuant to a consent agreement between the parents, the trial court entered a Final Judgment on Child Custody (the Final Judgment), awarding the father sole legal and physical custody of the children and awarding the mother visitation rights. Pertinently, the Final Judgment provided that, for a period of one year, the mother's visitation rights would be conditioned upon her satisfaction of certain enumerated "safeguards" due to her past drug and alcohol use. The Final Judgment provided that, "once the [s]afeguards described herein are no longer required," the father could require the mother to take drug and alcohol tests in a manner specified by the Final Judgment, and that "[i]n the event that the Mother fails to take such test or fails such test, then the [s]afeguards outlined herein shall be reinstated." And the Final Judgment provided:

> In the event the Mother fails either of the above safeguards to ensure that she is not consuming alcohol or abusing prescription drugs while caring for her children, all her time with the children shall be supervised at her expense. Such supervision shall continue until the Mother obtains a clearance from Dr. Michael Fishman, the Court appointed addictionologist, or from another medically licensed physician specializing in addiction medicine who has either been recommended by Dr. Fishman or who has been approved by the Father.

On May 26, 2010, in response to an emergency petition for contempt, the trial court found that the mother had failed to comply with the terms of the Final Judgment because she had not demon-

---

[1] When the order on appeal was entered, only one of the parents' three children was under the age of eighteen; that child was a teenager.

strated that she had taken a March 2010 test in the specified manner. Consequently, the court held that the safeguards outlined in the Final Judgment were reinstated, thereby restricting the mother's unsupervised visitation rights, and that, pursuant to the Final Judgment, "[t]he [mother] must now take the necessary action to lift the [s]afeguard provisions."

On June 3, 2010, the mother filed an emergency petition for citation for contempt against the father for interfering with her visitation rights. Therein, she argued that she had met the Final Judgment's requirements for lifting the restrictions on her visitation rights and had received the necessary "clearance" from a doctor approved by Dr. Fishman (Dr. Gordon) to fulfill the responsibilities set forth in the Final Judgment. The trial court denied the mother's petition, declining to find the father in contempt, but also held that the safeguard provisions triggered by the March 2010 test "have run their course, the purpose of same has been met and [the mother's] supervised visitation requirement is hereby suspended, effective immediately."

The father contends that the court erred in suspending the restrictions on the mother's visitation rights, because that change contravened the plain and unambiguous terms of the Final Judgment. But

> [a]lthough it has long been the rule in this state that a trial court cannot modify the terms of a divorce decree in a contempt proceeding, an exception is made with regard to visitation rights. Under . . . OCGA § 19-9-3 (b), the trial court is expressly authorized to modify visitation rights, even on its own motion, during a contempt proceeding.[2]

Thus, even assuming arguendo that the mother did not meet the Final Judgment's requirements for unsupervised visitation, the court nevertheless had the authority to modify the terms of visitation to allow the mother to resume unsupervised visitation.[3]

Moreover, "[m]odification of child visitation rights is a matter of discretion with the trial court."[4] "If reasonable evidence exists in the record to support the trial court's decision to change . . . visitation rights, then the decision of that court will stand. The trial court's

---

[2] *Carlson v. Carlson*, 284 Ga. 143-144 (663 SE2d 673) (2008) (citations, punctuation and footnote omitted).

[3] See generally id.

[4] *Hardin v. Hardin*, 303 Ga. App. 416, 417 (1) (693 SE2d 605) (2010) (punctuation and footnotes omitted).

decision will not be overturned absent abuse of discretion."[5] Here, the court noted that the purpose of the terms of the Final Judgment, including the safeguard provisions, was "to encourage both parents to conduct themselves in a manner that provides the Gildar children with as normal a life as possible." In determining that allowing the mother to resume unsupervised visitation served this purpose, the court found that there "simply is no evidence that the [mother] is a present danger to the minor child" and that "[w]hatever emergency existed during the week of March 15, 2010 has long since been resolved through [the mother's] introspection, counseling with Dr. Gordon and [the mother's] presumed abstinence from consuming alcohol and/or abuse of prescribed medications."

The father argues that there was no competent evidence to support the court's findings. The record shows, however, that the reason the court, in its May 2010 order, reimposed the safeguard provisions restricting the mother's visitation rights was due to her inability to demonstrate that someone had directly witnessed her give a urine sample for a test taken in March 2010. The mother testified that since that time she had been seeing Dr. Gordon regularly and had provided him with urine samples for testing. And there is no evidence that the mother actually tested positive for drugs or alcohol in March 2010, or that she failed any subsequent drug or alcohol test.

Under these circumstances, we find that the trial court did not abuse its discretion in modifying the terms of the Final Judgment to allow the mother to resume unsupervised visitation.[6]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED JUNE 1, 2011.

*McGinnis & Chambers, Eugene P. Chambers III*, for appellant.
*Weinstock & Scavo, Lindsay B. Dodson*, for appellee.

---

[5] *Curtis v. Klimowicz*, 279 Ga. App. 425, 427 (2) (631 SE2d 464) (2006) (citation, punctuation and footnote omitted).

[6] See *Hardin*, supra at 418 (1). See generally *Dept. of Human Resources v. Allison*, 276 Ga. 175, 178 (575 SE2d 876) (2003) (burden is on appellant to show error by the record).