294 Ga. 783
FINAL COPY

S13A1307.  SAHIBZADA v. SAHIBZADA.

BENHAM, Justice.

We granted the instant appeal pursuant to Supreme Court Rule 34 (4) to review provisions in a final decree of divorce entered on August 22, 2012, and amended on October 18, 2012.  Appellant Husband is a native of Pakistan and has dual Pakistani and American citizenship.  Appellee Wife is a natural born American of Pakistani descent.  The parties' two minor male children are American born.  The trial court designated Wife as the primary physical custodian of the children and gave Husband visitation rights.  In the divorce decree, the following restrictions regarding the children's international travel were made:

> [Wife] shall retain possession of the children's passports. [Husband] shall not procure any other passports for the minor children.  The minor children may only travel outside the United States with the consent of [Wife].  Should consent to international travel be given by [Wife], [Husband] shall provide a detailed itinerary of their travel plans including an anticipated date of return to the United States.

> The foregoing restriction on international travel shall expire as to each child on that child's sixteenth (16[th]) birthday where after

[Wife] may no longer deny [Husband] periodic and reasonable access to the child's passport for the purpose of international travel.

In addition, the decree required Husband to reimburse Wife up to $250 a month for work-related childcare expenses. Husband alleges reversible error occurred, but, for reasons set forth below, we affirm.

1. Husband alleges the trial court erred when it adopted the above-referenced restriction on Husband's international travel with the minor boys. In regard to the custody of minor children, this Court has held unequivocally that a trial court has the discretion to prohibit removal of minor children from the United States. Mitchell v. Mitchell, 252 Ga. 46 (1) (311 SE2d 456) (1984). In Mitchell, the family had been living in the United Arab Emirates (UAE) when the American father took two of the couple's three minor children to the United States while the mother, who was a Lebanese citizen and permanent-resident alien of the United States, was away on business. The two boys were intercepted in Atlanta, returned to their mother, and traveled with her to New York. Within a week of each other, mother instituted a child custody action in New York and father filed for custody in Henry County. Mother's action was

transferred to Henry County, with the New York court noting that the parties did not have access to the courts in the UAE because the family was not Muslim. Id. at 46-47. Being unable to secure passports to return to the UAE, mother relocated to Georgia and enrolled the two boys in school, while the third child, a teenage daughter, remained at a boarding school in England. Father alleged that if the children returned to the UAE with their mother, he would never see them again. Id. at 49. The trial court awarded joint custody to the parties and ordered that neither mother nor father could remove the boys from Georgia; that neither mother nor father could procure a passport for the boys without the other parent's written permission or without obtaining a court order; and that neither mother nor father could make an application for the boys' passports without the other's consent. Id at 47. On appeal, we held that the trial court was not authorized to preclude the parents from removing the children from the state of Georgia; but upheld the trial court's passport restrictions, concluding that the trial court had "the discretion to prohibit removal of the children from the country." Id. at 48. In Curtis v. Klimowicz, 279 Ga. App. 425 (1) (631 SE2d 464) (2006), the Court of Appeals cited to Mitchell as authority when it upheld a trial court's ruling prohibiting a military father, who was awarded primary

3

physical custody of the child, from removing the child from the United States in the event he was assigned to duty overseas. Id. at 426-427. The Court of Appeals specifically noted that the child would be living stateside with father's current wife should he be deployed overseas and that remaining stateside would allow mother, who lived in a different state than father and his current wife, to continue visitation with the child. Id. at 427-428. The Court of Appeals also noted that if father decided to move his domicile and wife overseas, he could then petition for a modification of the custody order based on changed circumstances. Id. at 428.

We only disturb a trial court's ruling on matters concerning custody when there is a showing of an abuse of discretion. Curtis at 427-428. See also Terrell v. Terrell, 294 Ga. 208 (751 SE2d 415) (2013) (an appellate court will not interfere with a custody decision made by the trial court unless there is "a clear abuse of discretion."). Here, the evidence showed Husband had dual citizenship in the United States and Pakistan and that he had no immediate relatives living in the United States. Husband had an elderly mother living in Pakistan, a brother living in Russia, a brother living in Canada, and a sister living in Australia. Wife testified that Husband had told her in January 2010 that he wanted her and

4

their two sons to live in Pakistan with his mother and that "he would come and get [the family] when he could." Wife did not agree with this plan. In February 2010, Husband abruptly left the family for approximately three weeks without advising where he was going. Wife eventually learned through relatives that Husband had driven to Canada to see his brother. On the day he left for Canada, Husband admitted he made two withdrawals of $5,000 each from a money market account and then, from that same account, he admitted he wired $47,000 to his brother-in-law in Australia.[1] Although he deposited one of the $5,000 cash withdrawals in the parties' joint checking account, Wife, for a time, only had access to $75 in cash and a credit card while Husband was in Canada. During this time, Wife heard from relatives who informed her that Husband had stated that he would return if Wife gave him the boys' passports and social security cards. A few months after returning from Canada, Husband traveled to Pakistan by himself. While the divorce was pending, Husband also traveled to England without notifying Wife, and he missed a visit with his sons per the

---

[1] This money was eventually returned to the money market account in March 2010 after Husband recalled the wire transaction.

temporary order that was in place at that time. Wife only learned of Husband's whereabouts from acquaintances at the family's place of worship.

Before she was married, Wife had traveled with her parents and sisters to Pakistan on many occasions and was familiar with the country and its customs. Wife testified she feared that if she allowed the boys to travel with Husband, even on a trip to Canada or Australia to see one of his siblings, he would leave those countries and take the boys to Pakistan. As an American citizen and a woman, Wife stated in Pakistan she would have no custodial rights to her sons once they reached the age of eight.[2] Wife had no objection to the children meeting her Husband's relatives. She stated there was no reason for her children to travel to where her Husband's relatives lived abroad because those relatives had the ability to visit the children stateside. In fact, at the time of trial, Husband's mother was in the United States visiting from Pakistan. Husband did not present any evidence countering Wife's testimony regarding her custody rights in Pakistan.[3] Given Husband's frequent foreign travel, his past lapses in

---

[2] At the time of trial, the older son was seven years old and the younger son was five.

[3] We note further that Pakistan is not a signatory to the 1980 Hague Convention on the Civil Aspects of International Child Abduction. See International Parental Abduction, Bureau of Consular Affairs, U. S. Department of State: http://travel.state.gov/content/childabduction/english/country/hague-party-countries.html (March 4, 2014).

communicating his whereabouts, the fact that his relatives have the ability to travel to the United States to visit the children, and the fact that Wife may have difficulty asserting her custodial rights in Pakistan where she is a non-citizen and Husband is a citizen, we cannot say the trial court abused its discretion when it placed some restrictions on Husband's travel with his sons outside the country.

2. Appellant complains that he should not have to reimburse Wife up to $250 per month for her work-related childcare expenses when his job allows him flexibility to work from home and he could watch the children instead. Again, we review such rulings for an abuse of discretion. Taylor v. Taylor, 293 Ga. 615 (2) (748 SE2d 873) (2013); Gresham-Green v. Mainones, 290 Ga. 721 (2) (725 SE 2d 277) (2012) (applying abuse of discretion standard to trial court's decision to deviate from the presumptive amount of child support under OCGA

---

The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct. 1980 (Hague Convention) is an international treaty that was promulgated in response to the global problem of international child abduction. . . . The Hague Convention applies only among contracting states and is available only when a child is wrongfully removed from a signatory country and retained in another signatory country.

Katz, Lawrence, *When the ? Involves an International Move*, 28 Spring Fam. Advoc. 40 (2006).
Thus, Wife would likely have difficulty pursuing recourse if Husband were to take the children to Pakistan and not return.

§ 19-6-15).   The evidence at trial showed that the parties' younger child was diagnosed with high-functioning autism and needed some special care.  It was also shown that a few times when the younger child was solely in Husband's care, the child wandered off and was left alone in situations where he could be hurt.  Wife testified that the children's daycare provided the special care, attention, and consistency her younger child needed while allowing him to stay in the company of his older brother who had a calming effect on him.  Husband has failed to show any abuse of discretion by the trial court and so this allegation cannot be sustained. Id.

        Judgment affirmed.  All the Justices concur.


Decided March 17, 2014.

Domestic relations. Gwinnett Superior Court. Before Judge Hutchinson.

M.V. Booker, for appellant.

Dale A. Wren, for appellee.